In re REED.

(District Court, E. D. New York. July 19, 1902.)

1. BANKRUPTCY — MORTGAGE — VALIDITY—STIPULATION—SALE OF PROPERTY— PROCEEDS — CONTEST IN STATE COURT — SETTING ASIDE STIPULATION— AUTHORITY OF ATTORNEY—GOOD FAITH—LACHES.

According to a stipulation between a trustee in bankruptcy and the attorney for a mortgagee of the bankrupt's property it was ordered in the federal court that the property be sold, the proceeds deposited in a bank, and that the trustee should sue in a state court to determine as to the validity of the mortgage, and that such determination should be final. After the rendition of a decree for the trustee in the state court the mortgagee moved by a substituted attorney that it be relieved of the stipulation with reference to the finality of the judgment, the mortgagee contending that the previous attorney had had no authority to make it, and that the mortgagee was ignorant thereof. It appeared that the whole matter had been left to the former attorney, and that the mortgagee knew the money when in the bank was there by some arrangement by which it was to be a subject of contest. *Held*, that the application was of no merit and too late.

Horace Graves, for Sanchez & Haya Co.

A. T. Stoutenburgh, in pro. per.

THOMAS, District Judge. On the 9th day of October, 1901, the following order was made by this court:

"This matter having come on to be heard on an order to show cause, and it appearing by the affidavit of Arthur T. Stoutenburgh, the trustee herein, that Theodore A. Reed, the bankrupt herein, was duly adjudged a bankrupt on the 22d day of August, 1901; that Arthur T. Stoutenburgh was duly appointed as trustee herein, and has duly qualified as such, and has taken possession of the assets of the said bankrupt; that a substantial part of the assets of said bankrupt estate consist of three large cabinets or show cases, two smaller show cases, and two glass counters, as well as a safe, which chattels are now in the possession of the said trustee at 130 Fulton street, in the borough of Manhattan; that the Sanchez and Haya Company, a corporation, hold a chattel mortgage covering said chattels to secure the payment of ten hundred and thirty-five and $^{35}/_{100}$ dollars ($1,035.35), on or before the 28th day of June, 1902, for goods sold and delivered by said corporation to the bankrupt some time prior to the execution of said mortgage, which mortgage was executed on the 29th day of June, 1901, and within less than four months of the bankruptcy, and it appearing to be for the best interests of the bankrupt estate that said chattels should be sold, and that the respective rights of the bankrupt estate and the said corporation should be preserved pending the determination of the validity or voidability of said chattel mortgage; and Arthur T. Stoutenburgh, the trustee, in person having appeared in behalf of said mortgage, and Caesar Simis, attorney for the said Sanchez and Haya Company, having appeared in open court and consented thereto: Now, on motion of Arthur T. Stoutenburgh, the trustee herein, it is ordered that the said chattels be sold free and clear of the lien of said chattel mortgage; that the proceeds of said sale to the extent of ten hundred and thirty-five and $^{35}/_{100}$ dollars ($1,035.35), the amount claimed under said mortgage, be deposited by the said trustee in the Fulton and Market National Bank of New York City, to the credit of said trustee, there to be held as hereinafter provided; that the funds so deposited shall remain in said bank until a judicial determination is had as to the validity or voidability of said mortgage, it being distinctly understood and agreed that the money so de-

posited shall be in lieu and place of the said mortgaged property, and subject to the same rights and obligations as the mortgaged property itself would be, had the same remained unsold; that the said trustee shall at once commence a suit in equity, in the supreme court of the state of New York, county of Kings, for the purpose of such a determination, and such a determination shall be final as between the parties, and that if such final determination shall be in favor of the Sanchez and Haya Company the said fund to be deposited in the Fulton and Market National Bank shall be turned over to the said Sanchez and Haya Company in full satisfaction of said mortgage, heretofore mentioned, and if the final determination of said action shall be adverse to said Sanchez and Haya Company the said fund shall be turned over to the said trustee as part of the bankrupt estate; that the suit so brought shall be without costs to either party; and, further, if it shall be determined that the said proceeds so deposited shall belong to the Sanchez and Haya Company, the said proceeds shall not be chargeable or liable with any commissions or fees by any trustee in bankruptcy or any other person hereafter to be appointed, or any expenses incurred or to be incurred either in the proceedings in the United States district court or the said supreme court hereinbefore referred to; that if the said trustee does not commence said suit to determine the validity or voidability of said mortgage within the period of thirty (30) days from the entry of this order, that then it shall mean and be so construed by said trustee that the said mortgage is a good and valid mortgage, and that the said Fulton and Market National Bank shall pay to said Sanchez and Haya Company the sum of money so deposited in full satisfaction thereof.          Edward B. Thomas, U. S. J.

"We consent to the entry of the above order.
"Caesar Simis, for Sanchez & Haya.
"A. T. Stoutenburgh, Trustee for Theo. A. Reed, Bkpt."

Thereupon the assets of the bankrupt were sold by the receiver at public auction, and such part of them as purported to be covered by the chattel mortgage did not bring sufficient to meet the alleged mortgage debt, but the company's counsel insisted that the court was bound by the order to make good the deficiency from the funds of the estate, and, that there might be no possible breach of the understanding, the court did order that sufficient should be taken from the proceeds of the sale of other property to meet the deficiency. The fund thus constituted was placed in the bank, and the trustee instituted an action in equity to determine title to it, and upon a hearing in the supreme court a decree favorable to the trustee was ordered. Thereupon the Sanchez & Haya Company substituted Mr. Graves as attorney in the action, who now moves that the company be relieved of the stipulation with reference to the appeal, upon the ground that Mr. Simis, the previous attorney, had no authority either to propose, insist upon, or make the stipulation, and that he did it without authority from his clients, who are alleged to have been ignorant thereof. There is no doubt that the whole matter was left to Mr. Simis, a capable lawyer, to exercise his skill and prudence for the purpose of securing the payment of the mortgage; that the money might be taken from the control of this court, and subjected to the determination of the state court, the stipulated arrangement was made between him and the trustee above stated; and, that there might be the least possible delay, the provision that the determination of the trial court should be final was enforced by Mr. Simis upon the trustee, who was bound thereby by the order made in this court. Thus it seems that, through the action of its attorney, the Sanchez & Haya Company have secured

the release of a fund from the restraining order of this court, and its deposit in the bank to await the determination of the title in the state court, and that the Sanchez & Haya Company, having acted upon the order and received whatever advantage there was flowing from it, desire to rescind so much thereof as has proven disadvantageous to them.

Counsel for the moving party relies upon People v. City of New York, 11 Abb. Prac. 66, a decision rendered at special term, which sustains his contention. This decision is not in accord with Pike v. Emerson, 5 N. H. 393, 22 Am. Dec. 468, or Smith v. Barnes, 9 Misc. Rep. 368, 29 N. Y. Supp. 692. In the case at bar the attorney made the stipulation for the purpose of putting his clients in what he deemed a state of safety, and in his judgment a proper protection of their interest required the provision. The Sanchez & Haya Company knew that the money was in the bank; that it had been taken away from the jurisdiction of this court by some arrangement whereby it was to be made the subject of contest in the state court; but claims never to have learned under what condition the fund was released by this court; nor does it appear that such company has ever sought any information or exhibited any interest in the matter prior to the judgment against it. It is considered that the present application, tardily presented after awaiting the chance of all benefit from the stipulation forced by its attorney upon the trustee, comes too late, and that it is without merit.

It is desirable to add that there was no intention to reprove counsel presenting this motion; indeed, there was no occasion therefor.