FREDA BLUMENTHAL, Administratrix, v. UNION ELECTRIC
COMPANY, Appellant.

**Street railways:** NEGLIGENCE: EVIDENCE.  In an action against a
1   street railway company for a death caused by jumping from
    a moving car as the result of fright, where the evidence was
    not conclusive as to whether the fright was caused by the
    rapid speed of the car or its electrical fire, a refusal to limit
    the question of negligence to causing the fire was not erroneous.

**Negligence:** EVIDENCE: HARMLESS ERROR.  Admission of the rules
2   of a street car company limiting the rate of speed, which imposed no higher degree of care than the law requires, the
    effect of which was limited by the court, was not prejudicial
    error.

**Same.**  The admission of incompetent evidence subsequently with
3   drawn, not shown to have been prejudicial, was not reversible
    error.

Negligence: EMPLOYMENT OF SERVANTS.   Evidence that a street car
conductor became frightened at an electrical disturbance and
jumped from the car, was competent on the question of the
company's negligence in employing incompetent servants.

Negligence: INSTRUCTIONS.   An instruction that a street car com-
pany is bound to transport its passengers safely was not mis-
leading, as conveying the impression that it is an insurer of
the safety of its passengers, when construed in the light of
other instructions correctly stating the measure of defend-
ant's duty.

*Appeal from Dubuque District Court.*— HON. M. C. MATH-
EWS, Judge.

THURSDAY, JANUARY 11, 1906.

SUIT to recover damages for the death of Mrs. Delia
Blumenthal.   There was a judgment for the plaintiff, from
which the defendant appeals.— *Affirmed.*

*Hurd, Lenehan & Kiesel* and *Matthews & Frantzen,* for
appellant.

*McCarthy, Kenline & Roedell,* for appellee.

SHERWIN, J.— The defendant operated an electric
street railway in the city of Dubuque, and the deceased was
a passenger on its car No. 34, which at the time in ques-
tion was rapidly descending a steep grade on
Dodge street.   Flashes of fire, accompanied by
smoke and hissing noise, appeared around the
forward switch in the car, whereupon the deceased and oth-
ers jumped from the car.   In alighting, the deceased re-
ceived injuries which caused her death soon thereafter.   The
court admitted testimony tending to show that, immediately
before and at the time the fire appeared, the car was run-
ning at a high rate of speed, and that it had a rocking or
bouncing motion, and also that the track was uneven.   The
defendant asked that such evidence be limited to the ques-

1. STREET RAIL-
WAYS: negli-
gence: evi-
dence.

tion of its negligence in causing the fire; the court refused to so limit it, and error is predicated on the ruling. It is, of course, possible that the deceased may have left the car solely on account of the fire, but the evidence is by no means conclusive on this point. Her action may have been influenced by the combination of speed and flame, for both of which the defendant may have been liable. No one can say definitely as to this. It was a question for the jury to determine from all of the facts and circumstances surrounding her at the time, and it was therefore entirely proper to submit for its consideration all of those facts and circumstances. See *Eginoire v. County,* 112 Iowa, 559.

'Certain rules of the defendant regulating the speed of its cars downhill and requiring stops at specified points were admitted, over the defendant's objection. No possible preju-

2. NEGLIGENCE: evidence: harmless error.

dice could have resulted from their consideration by the jury. They did not require a higher degree of care than is imposed by law, and, further, their effect was properly limited by an instruction. *Hart v. Railway Co.,* 109 Iowa, 631.

Evidence as to the speed at which the same car had been run at a different time and place was admitted, but it was afterward withdrawn, and the jury directed not to con-

3. SAME.

sider it. No prejudice appears from the introduction of the testimony, and we will not reverse on account thereof. *State v. Booth,* 121 Iowa, 710; *State v. Helm,* 97 Iowa, 382.

There was evidence tending to show that when the fire appeared the conductor of the car became frightened and jumped from the car before the deceased did, and that, while

4. NEGLIGENCE: employment of servants.

the motoneer remained at his post, he said nothing to quiet the alarm of the passengers. The defendant asked that this evidence be considered only on the question of the negligence of the deceased in leaving the car when she did, but the request was refused, and we think rightly so. It was certainly competent to show

any act of negligence on the part of the appellant that produced a condition apparently dangerous to passengers; and, if the conductor abandoned the car because of his incompetency to deal with the condition then existing, or because of his inexperience, it was matter for the jury to consider in determining whether the appellant was negligent in the operation of that particular car at the time. The degree of care demanded by the law in cases of this kind requires the employment of men of experience and competency, and a failure in this respect is negligence. Electricity is a dangerous agent, and its use must be attended with the highest degree of care and skill. But, notwithstanding this, there may be an appearance of great danger, when in fact there is no danger at all. It may be negligence, therefore, to place in charge of a car a person whose experience and competency are so limited that he does not know whether the danger is real or only apparent. *Scott v. Telephone Co.*, 126 Iowa, 524; *Baldwin v. Railway Co.*, 68 Conn. 567, 37 Atl. 418; *Crisman v. Railway Co.*, 110 La. 640, 34 South. 718, 62 L. R. A. 747. If an experienced and competent conductor would have understood the real condition when the fire appeared, and, exercising the care required by law, would have remained in the car, and so far as possible would have prevented the departure therefrom of the deceased, the evidence complained of was competent on the question of the appellant's negligence in operating the car with that conductor in charge of it.

Complaint is made because evidence was received tending to show the inexperience and incompetency of the conductor. What we have already said disposes of the material question involved, for the court instructed that such evidence would be immaterial, unless it was found that such incompetency caused or contributed to the injury. For reasons heretofore stated, there was no error in refusing instructions two, three, and four asked by the appellant.

The issues were not concisely stated in the general in-

struction thereon, but no prejudice resulted therefrom because of the other instructions. In one of the instructions the court said that it was the duty of the defendant to transport the deceased safely, and this is complained of. But in the same connection and instruction it was said that it was its duty " to exercise the highest degree of skill and foresight to protect the safety of passengers," and that it was " liable for negligence in respect thereto." The instruction as a whole, and other instructions, stated the correct rule, and a jury of average intelligence could not have understood therefrom that the defendant was an insurer of the safety of its passengers. *Hutcheis v. Railway Co.,* 128 Iowa 279; *Root v. Railway Co.,* 113 Iowa, 675; *Pershing v. Railway Co.,* 71 Iowa, 561.

**5. NEGLIGENCE: instructions.**

Other instructions are criticised, but we find nothing therein requiring a reversal of the case. Nos. fifteen and twenty do not in our judgment say that it was the absolute duty of the conductor to remain on his car and to keep the deceased thereon. They were both as favorable to the appellant as it could ask. Complaint is also made of two or three other matters, but a careful examination of the record convinces us that the case was tried without prejudice to the defendant, and that it should be affirmed.

The appellee's additional abstract was unnecessary, and the appellant's motion to tax to the appellee the cost of printing it, and the cost of printing the appellant's denial of the same, and the cost of certifying the record, is sustained.

The judgment is *affirmed.*