ETHEL KERR, APPELLEE, v. TRAVELERS INSURANCE COM-
PANY, APPELLANT.

FILED JUNE 23, 1919. No. 20947.

Appeal: REVERSAL: LAW OF THE CASE. Where a judgment rendered on
a verdict directed for the defendant is reversed on appeal, and
this court, in adopting the report of the supreme court commission,
has held that the cause should be submitted to a jury on its
merits, the law of the case, as thus declared, ordinarily will
control in the subsequent trial in the lower court.

APPEAL from the district court for Douglas county:
CHARLES LESLIE, JUDGE. *Affirmed.*

*Kennedy, Holland, DeLacy & Horan,* for appellant.

*Brome & Ramsey* and *J. C. Robinson,* contra.

LETTON, J.

Upon a former appeal from a judgment for plain-
tiff in an action upon a policy of insurance, a judgment
in favor of defendant was reversed. A new trial was
had, and from a judgment then rendered in favor of
plaintiff, defendant appeals. It appeared that a per-
emptory instruction to the jury to find for the defendant
had been given by the district court, and judgment of
dismissal entered. In the memorandum opinion by Mc-
Girr, C. (not officially reported) reversing the judg-
ment and remanding the case for a new trial, which
states the facts, it was said: "The question to be de-
termined is whether there is sufficient evidence - in the
record to sustain a verdict for the plaintiff, either up-
on the ground that the policy in suit was reinstated, or
upon the ground that reinstatement was waived by
the defendant, by its acts." And it was said upon the
issue as to reinstatement: "We think there is sufficient
evidence in the record to warrant a finding in favor of
the plaintiff."

Upon the question of waiver, after setting forth and considering the evidence to the effect that a notice that the quarterly premium due July 23, 1915, was mailed to the insured by defendant's Omaha office on June 26, 1915, it was said: "Defendant's employees in charge of the Omaha office knew that the insured had applied for reinstatement on the regular form required of policy-holders who were in default for less than 60 days, and had no reason to believe otherwise than that the insured was duly reinstated when the notice of the July assessment was mailed to him. In the state of the evidence, we think that the question as to whether the mailing of the notice of the July quarterly premium by defendant to insured constituted a waiver on the part of the defendant was a question of fact which should have been submitted to the jury." These statements constitute the law of the case.

Upon the first point the court instructed the jury as follows: "In this behalf, you are instructed that the defendant could not arbitrarily refuse to reinstate said policy upon said application, and if the insured was in good health at the time he made his application for reinstatement, then it was the duty of the company to reinstate him, provided he had paid the delinquent premiums, with interest." And the jury were further instructed that the payment of the past-due premiums by checks, their acceptance and retention by defendant's agent, and the receipt and retention of the money, would constitute sufficient payment. Upon the question of waiver, they were instructed that the mailing of the notice of the July premiums would not amount to a waiver of the prior default in the payment of the April premiums, unless it was mailed out with the intention of so doing, or with the intention of recognizing the policy in force, and the sending it out by inadvertence, or mistake, would not be such a waiver. This was as favorable an instruction on this point as the defendant could ask. The bill of exceptions in the former trial is

not before us. While there is some evidence that the notice was sent out by mistake, or inadvertence, there was other evidence in the record which tended to show that the policy was considered and treated by the Omaha agency as in full force until a short time before the death of the insured.

Upon the issue as to whether deceased was in good health at the time the application for reinstatement was made, we gather from the briefs that there was new and additional evidence at this trial. The evidence, however, indicates that, while the disease from which the deceased died may have existed at the time the application was made, it may also have developed after that time. The insured was apparently in perfect health and so conducted himself. He attended a dinner dance at the country club the next night, and a family picnic the day following. The application was made on Friday, and it was not until Tuesday that he first exhibited symptoms of the disease of which he afterwards died. There was sufficient evidence to sustain the verdict of the jury on this point. We find no prejudicial error in the record.

AFFIRMED.

MORRISSEY, C. J., not sitting.