THOMAS MERKOURAS, APPELLEE, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, APPELLANT.

FILED APRIL 30, 1920.    No. 21240.

1. Appeal: LAW OF THE CASE. The law of the case as declared in the former opinion in this case, *Merkouras v. Chicago, B. & Q. R. Co.*, 101 Neb. 717, controls.

2. Master and Servant: INJURY TO SERVANT: PROXIMATE CAUSE. If, as plaintiff testifies, at a time when his duties did not require him to be upon the switch-track, another workman jumped upon his back, forced him upon the track, and held him down until the slowly approaching cars reached them, and he was injured, the wilful act of the other workman was the proximate cause of the injury.

3. Negligence: PROXIMATE CAUSE. "A party is only answerable for the natural, probable, reasonable, and proximate consequences of his acts; and where some new efficient cause intervenes, not set in motion by him, and not connected with, but independent of his acts, not flowing therefrom, and not reasonably in the nature of things to be contemplated or foreseen by him, and produces the injury, it is the proximate and dominant cause." *Kitchen v. Carter*, 47 Neb. 776.

4. ———: COMPARATIVE NEGLIGENCE. If, on the other hand, as other evidence indicates, plaintiff and the other workman were voluntarily scuffling and playing on the track, the plaintiff having knowledge that cars were frequently pushed thereon, his negligence was more than slight, and a recovery cannot be had by virtue of the comparative negligence act, since, in order to recover under this law, the negligence of the plaintiff must be slight when compared with the gross negligence of the defendant.

5. Appeal: SUFFICIENCY OF EVIDENCE. In either event, the evidence does not support the verdict.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Reversed and dismissed.*

*Byron Clark, Jesse L. Root, E. C. Strode* and *J. W. Weingarten,* for appellant.

*Wilmer B. Comstock, contra.*

LETTON, J.

A judgment for the plaintiff in this case was reversed upon a former appeal. *Merkouras v. Chicago, B. & Q. R. Co.,* 101 Neb. 717. Two judges dissented from the former opinion, and a third did not sit in the case. The gist of the former decision is expressed in the second and third paragraphs of the syllabus, which are as follows:

"A railroad company, in ordering the movements of its cars, would not anticipate that two men would engage in scuffling upon its track, especially so when the men were its employees, working in its switch-yards and momentarily expecting the approach of cars.

"A railroad company does not owe its employees, engaged in its yards in which engines are constantly moving, the duty of keeping a constant lookout to warn them of dangers of which they already have knowledge."

A new trial resulted in a verdict for the plaintiff, and defendant appeals.

After reversal, an amended petition was filed pleading that plaintiff, while passing along the yard adjacent to the switch in front of the icehouse, was seized by another workman and thrown upon the track and held upon it at a place where he and his fellow servants were in the habit of being, and where they were of necessity required to be at times in the discharge of their duty in putting ice in the cars, and at a place where defendant had reason to expect him to be in the discharge of his duty. It is then alleged, as before, that the defendant, in violation of its own rule 102, without giving warning, negligently backed a train of cars over the plaintiff and negligently failed to stop the cars after it should have been aware of plaintiff's perilous position.

The answer alleges plaintiff was injured solely by his own carelessness, and also pleads the law of the case as laid down in the former opinion as a bar to the renewal of the action. As to defendant's negligence, the matter is in doubt. Rule 102 is as follows: "When cars are pushed by an engine (except when shifting and making up trains in yards) a flagman must take a conspicuous position on the front of the leading car and signal the engineman in case of need."

The trial court instructed the jury that the rule is ambiguous, and testimony was received as to its interpretation, but we think the burden of proof was not sustained as to the act of moving the cars in this yard not being within the exception.

But assuming that the evidence sustains the verdict in this respect, may the plaintiff recover?

The testimony is much the same as at the former trial. In fact, much of it was read from the bill of exceptions, except that there is evidence bearing upon the new matter pleaded in the amended petition. Plaintiff says that Johnson jumped upon his back and forced him down upon the track, and this seems to be fairly well established. If plaintiff is correct in this, it seems to us that he cannot charge the defendant with the wrongful act of Johnson.

Unless the injury received by plaintiff was a natural and probable consequence of the negligence of defendant with no intermediate causal agency, there can be no liability. *Kitchen v. Carter*, 47 Neb. 776. The act of Johnson was a new and independent force, operating to cause the injury, and if it had not been exerted the accident would not have happened.

In such circumstances, the question is: "Was there an unbroken connection between the wrongful act and the injury, a continuous operation? Did the facts constitute a continuous succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the

wrong and the injury? It is admitted that the rule is difficult of application. But it is generally held that, in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances. * * * We do not say that even the natural and probable consequences of a wrongful act or omission are in all cases to be chargeable to the misfeasance or nonfeasance. They are not when there is a sufficient and independent cause operating between the wrong and the injury. In such a case the resort of the sufferer must be to the originator of the intermediate cause. But when there is no intermediate efficient cause, the original wrong must be considered as reaching to the effect, and proximate to it. The inquiry must, therefore, always be whether there was any intermediate cause disconnected from the primary fault, and self-operating, which produced the injury." *Milwaukee & St. P. R. Co. v. Kellogg*, 94 U. S. 469, 475.

But, even if plaintiff and Johnson went upon the track and wrestled there, they voluntarily placed themselves in a position of great danger in such a manner as to make it difficult to remove from the track if it became necessary to move speedily. There was no necessity for them to be where they were at that time, they were not directed there, nor did their duties require their presence; in short, they were not then engaged upon their employer's business, but upon an affair of their own. Under ordinary circumstances plaintiff would have had ample time, at the very slow rate the cars were moving, to step aside and thus avoid injury, but he and his playmate voluntarily placed themselves in such an attitude as to make this impossible. Under the statute it is only when the negligence of the plaintiff is slight when compared with the gross negligence of the defendant that

recovery can be had. A majority of the court take the view that the evidence as to plaintiff's own gross negligence is so clear as to prevent recovery; that, even with the amended petition and additional evidence, the law announced in the former opinion still applies, and that nothing was developed at the trial, or upon this appeal, to require us to change our former decision; that the evidence does not support the verdict; and that neither on the ground of last clear chance, nor on any other ground, is plaintiff entitled to recover.

The judgment of the district court is reversed, and the cause dismissed.

REVERSED AND DISMISSED.

MORRISSEY, C. J., ROSE and FLANSBURG, JJ., not sitting.