MARK BRIGHTENBURG, APPELLANT, v. WILLIAM H.
MULCAHY, APPELLEE.

FILED JUNE 29, 1920.    No. 21030.

1. **Petition** examined, and *held* to state a cause of action.

2. **Personal Injuries: PROXIMATE CAUSE: QUESTION FOR JURY.** Where
plaintiff was injured while coasting down hill by being crowded
over the curb and running into a fence maintained by defend-
ant unlawfully and negligently extending into the public thor-
oughfare, the question of what was the proximate cause of the
injury is for the jury.

APPEAL from the district court for Douglas county:
WILLIAM A. REDICK, JUDGE.  *Reversed.*

*John O. Yeiser,* for appellant.

*Piatti & Wear* and *John F. Moriarty, contra.*

ALDRICH, J.

Omitting the formal parts, the plaintiff's petition is
as follows:

"Comes now plaintiff and alleges that he is an in-
fant eight years of age and a child of such tender
years not capable of sound discretion in protecting
himself.

"That defendant owns the south 76 feet of lot 1,
block 1, in Drakes addition to the city of Omaha, facing
on the south side on Chicago street.

"That defendant for more than a year previous to the
injury complained of and down to the time of said

injury and since said time has maintained a fence around said property and on the south side has maintained said fence south of the lot line into the public thoroughfare for the space of about ten feet (and only six feet and six inches north of the north curb).

"That said fence was an obstruction and nuisance maintained in violation of the law and the ordinances of the city of Omaha in a part of a public street.

"That on the 27th day of January, 1917, plaintiff was coasting down the hill going west on Chicago street with other little boys, and plaintiff's sled was crowded over the curb when near said fence which caused plaintiff to run into said fence where in said manner negligently and unlawfully maintained by defendant.

"That as a result of coming in contact with said fence plaintiff was injured in his spine, legs and body and has been permanently crippled and has permanently and totally lost the use of one leg and been permanently injured in his health and growth and suffered great pain and will permanently suffer great pain and mental worry.

"That by reason of said injuries plaintiff has been damaged in the sum of $20,000.

"Wherefore, plaintiff prays judgment against defendant in the sum of $20,000 with costs of suit."

A general demurrer to this petition was sustained. The plaintiff elected to stand on the demurrer and not further plead. Then the trial judge dismissed the cause of action, and plaintiff appeals.

The only issue presented is: Does the petition state a cause of action?

Going into the merits of the case, the principal issue for discussion is: What was the proximate cause of the injury? The fence in question was unlawfully in the road and negligently and unlawfully maintained. Plaintiff, a small boy, while coasting down hill, was crowded over the curb into the fence and severely injured. This or similar questions have been before this

court many times. On a similar state of facts we have said that, where the evidence is sufficient to establish concurrent negligence on the part of defendants, they are jointly and severally liable therefor.

In *Pacific Telephone & Telegraph Co. v. Hoffman*, 208 Fed. 221: "Where an automobile, driven at a high rate of speed at night, first struck a railroad crossing and then a guy wire attached to one of the defendant's telephone poles and extending into the highway, resulting in injuries to the car and the occupants, whether the railroad crossing or the wire was the proximate cause of the accident, and how far the preceding event of the car striking the crossing operated in producing the final catastrophe, *held* for the jury."

This case is precisely in point. As to how far or whether at all acts of the parties coasting was the proximate cause would be a matter of defense, and hence a question for the jury. The situation then is a question of concurring or successive acts of negligence of numerous persons combined which caused plaintiff's injury. As a matter of law, he may recover of either or both, and neither can interpose the defense that the prior or concurrent negligence of the other contributed to the injury. See, also, *Williams v. San Francisco & N. W. R. Co.*, 6 Cal. App. 715; Rev. St. 1913, sec. 8845.

It would seem clear that one negligently causing an unlawful obstruction in the highway where someone is injured when in lawful pursuits, the party guilty of the obstruction might be held as liable in damages. Anyhow, such a situation constitutes a question for the jury. Therefore it is plain that this petition states a cause of action, and the issues presented were the issues for the consideration of a jury.

REVERSED AND, REMANDED.

MORRISSEY, C. J., and ROSE, J., dissent.