STATE OF NEBRASKA ET AL., APPELLANTS, V. FARMERS STATE
    BANK ET AL.:   CHARLES IAMS, ADMINISTRATOR, IN-
    TERVENER, APPELLEE.

FILED JULY 7, 1921.  No. 21725.

Appeal: LAW OF THE CASE. A question once determined in the appellate
    court will not ordinarily be reexamined there on a second appeal,
    in the same case.

APPEAL from the district court for Burt county:
CHARLES A. GOSS, JUDGE.  Affirmed.

Clarence A. Davis, Attorney General, and J. A. Sing-
haus, for appellants.

John L. Webster, contra.

Heard before MORRISSEY, C.J., ALDRICH, DAY, DEAN,
FLANSBURG, LETTON and ROSE, JJ.

PER CURIAM.
This is a controversy over the distribution of the funds
in the hands of the receiver of the insolvent Farmers State
Bank of Decatur, Nebraska.  It failed when it was in-
debted, among others, to Frank Iams in the sum of
$12,000.  He filed his claim as a depositor and demanded
payment out of the bank guaranty funds, but he was
held to be a general creditor and not a depositor within
the meaning of the state banking law.  Payment out of
the bank guaranty funds was not allowed.  Iams v.
Farmers State Bank, 101 Neb. 778.  Later Iams inter-
vened in the proceeding to wind up the affairs of the in-
solvent bank and demanded payment out of the funds
derived from the assets in the hands of the receiver.  The
state of Nebraska, for the protection of the bank guaranty
funds, and the Oakland State Bank, in behalf of itself
and all other banks that contributed to the bank guaranty
funds, pleaded that the funds in the hands of the receiver
of the insolvent bank were insufficient to reimburse the
bank guaranty funds paid to depositors and that the bank

guaranty funds were entitled to a preference over the claim of Iams, a general creditor. A fuller statement of the facts will be found in *State v. Farmers State Bank,* 103 Neb. 194. The trial court found that the bank guaranty funds and the claim of Iams were of equal rank, and on that basis prorated the funds in the hands of the receiver of the insolvent bank. The state of Nebraska and the Oakland State Bank have appealed.

Are the bank guaranty funds, out of which the depositors of the insolvent bank were paid, entitled to priority over the claim of Iams in the distribution of the funds in the hands of the receiver? This is the question presented by the appeal. In denying the preference in favor of the bank guaranty funds the trial court followed a ruling of this court on a former appeal in the same case. *State v. Farmers State Bank,* 103 Neb. 194.

While this court's ruling on the former appeal, which the trial court followed after the cause had been remanded for further proceedings, appears to be erroneous when here and now read in connection with the statute construed, it is the law of this case. A question once determined in the appellate court will not ordinarily be reexamined there on a second appeal in the same case.

AFFIRMED.