Caniglia v. Vacanti.

---

JOE CANIGLIA, APPELLEE, v. CIRINO VACANTI, APPELLANT.

FILED OCTOBER 14, 1921. No. 21561.

1. **Appeal: VERDICT: REVIEW.** A verdict of a jury, based upon sufficient evidence to support it, and which cannot be said by the court to be clearly wrong, will not be set aside merely because it appears to be against the weight or preponderance of the evidence, as the weight of the testimony is for the jury, and not for the appellate court.

2. ———: ———: ———. Verdict *held* to be supported by sufficient evidence, and not a verdict which a reviewing court could say was clearly wrong.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*Piatti & Wear* and *John F. Moriarty,* for appellant.

*Switzler & Switzler* and *Claudio Delitala, contra.*

Heard before MORRISSEY, C.J., ALDRICH, DAY, DEAN, FLANSBURG, LETTON and ROSE, JJ.

FLANSBURG, J.

On rehearing. Former opinion (not reported) by Commissioner Cain.

This was an action at law by the plaintiff to recover money deposited with the defendant. The plaintiff recovered the full amount claimed. Defendant appeals.

The only question presented is the sufficiency of the

evidence to sustain the verdict. The testimony discloses that the plaintiff arranged with the defendant to deposit moneys with the defendant, and it was agreed that the plaintiff could draw upon the deposit without previous notice and at any time that he pleased. Plaintiff claimed to be entitled to interest at 4 per cent., but whether or not there was an agreement for interest is one of the controverted issues between the parties. The record of deposits was kept in an ordinary bank pass-book, and as each amount was given by plaintiff to the defendant for deposit a record of it was entered by the defendant in this book. The book was retained by the plaintiff. Defendant claims payment of $1,000, made on December 29, 1918. The only issues of fact presented are the question of credit of $1,000 for the cash payment claimed by defendant, and the question of whether or not it was agreed that the deposits should bear interest. The jury found in favor of the plaintiff on the issue of the $1,000 payment, and also found that the plaintiff was not entitled to interest on deposits.

Plaintiff's testimony is a flat denial that the $1,000 payment was ever made. It is admitted by all parties that no receipt was taken by the defendant to evidence such payment. The defendant points out that in another instance, where defendant had made a payment to plaintiff of $380 out of the deposit fund, no receipt was taken, but in that instance the payment was made through the transfer of a bank check, and it was explained, and plaintiff says it was mentioned at the time, that no receipt was therefore necessary. The defendant, defendant's son, defendant's wife and her two sisters all testified, in direct contradiction to the plaintiff's testimony, to the effect that the $1,000 payment had been made. The testimony of these several witnesses, however, as to the particulars of the transaction was not in entire accord. Thus there is a direct issue of fact, the solution of which depends entirely upon the credibility of these witnesses. This issue was passed upon by the jury. It is impossible

for the court to determine which witnesses told the truth. That was a matter within the peculiar province of the jury, and it cannot be said by this court that the decision of the jury is clearly wrong. *Plath v. Brunken,* 102 Neb. 467.

The defendant lays particular stress upon the fact that the interpreter, used by the plaintiff, and also later used by the defendant without objection then to his qualifications, could not speak the English language well, and that confusion resulted. However, we have carefully read the record, and, though there seems to have been some difficulty at times in getting some questions or answers understood, it appears that in each instance the matter was entirely cleared up and that the final answers were intelligent and responsive to the questions made. There is nothing to impeach the interpreter, nor to show that, in any particular instance, he did not, in the end, accurately and truthfully interpret each of the matters presented to him.

We attach little significance to the fact that the jury refused to allow the plaintiff interest on the money. It does not follow, where the jury refused to allow a claim in one instance, based on plaintiff's testimony, that the jury must be held to have disbelieved plaintiff's testimony given to substantiate the other claim.

The former decision in this case, entered upon the opinion by the supreme court commission, is set aside, and the judgment of the lower court is

AFFIRMED.