MARK BRIGHTENBURG, APPELLEE, V. WILLIAM MULCAHY, APPELLANT.

FILED DECEMBER 30, 1922. No. 22526.

Appeal: LAW OF THE CASE. "A question once determined in the appellate court will not ordinarily be reexamined there on a second appeal in the same case." *State v. Farmers State Bank*, 106 Neb. 387.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*Wear & Moriarty*, for appellant.

*John O. Yeiser* and *John O. Yeiser, Jr., contra.*

Heard before MORRISSEY, C. J., ALDRICH, DAY and FLANSBURG, JJ.

MORRISSEY, C. J.

This action was brought by plaintiff, as next friend, for his minor son, Fred F. Brightenburg, to recover damages for personal injuries received, while coasting upon a public street in the city of Omaha, by reason of colliding with a fence maintained by defendant in front of his premises, which fence projected across the lot line into the park space of the public highway. In a former opinion, *Brightenburg v. Mulcahy*, 104 Neb. 794, plaintiff's petition, which contains a full statement of the facts, is set out at length, and it was there held that it stated a cause of action. On the second trial plaintiff recovered judgment for $500, and the defendant has appealed.

The sole assignment of error is to the effect that the court erred in refusing to sustain defendant's motion to direct a verdict in favor of defendant. The argument made in support of this assignment raises substantially the same questions that were urged upon the court in the former appeal and were there decided adversely to appellant. "A question once determined in the appellate court will not ordinarily be reexamined there on a second appeal in the same case." *State v. Farmers State*

*Bank,* 106 Neb. 387. No complaint is made of the amount of the recovery, and the judgment is

AFFIRMED.