JAMES D. LAWSON, APPELLEE, v. UNION PACIFIC RAILROAD COMPANY, APPELLANT.

FILED JULY 1, 1925. No. 24234.

1. **Appeal:** LAW OF CASE. "When the evidence is substantially the same as on a former appeal, the weight and effect to be given such evidence must be considered as foreclosed by the former decision on that point." *Hruby v. Sovereign Camp, W. O. W.,* 83 Neb. 800.

2. **Evidence:** JUDICIAL NOTICE. The court will take judicial notice of matters of common knowledge, and evidence of witnesses will not be received to establish such matters.

3. **Railroads:** NEGLIGENCE. A breach of the rules adopted by a railroad company for the government of its employees is not evidence of negligence in an action by a third person, a member of the public, for injury to cattle on the right of way; the liability in such cases is determined by the statute or common law.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Reversed and dismissed.*

*C. A. Magaw, Thomas W. Bockes* and *Thomas F. Hamer,* for appellant.

*Nye, Worlock & Nye* and *Prince & Prince, contra.*

Heard before MORRISSEY, C. J., DAY and EVANS, JJ., and REDICK, District Judge.

REDICK, District Judge.

This is the second appearance of this case in this court. For a full statement of the facts reference is made to the former decision, 109 Neb. 785, affirming a judgment for plaintiff, and 109 Neb. 793, a decision upon rehearing withdrawing the former opinion and reversing the case upon the ground that the verdict was without support in the evidence. Upon a second trial without a jury there was again a finding and judgment for plaintiff, and defendant appeals.

For our present purpose it is sufficient to state that the action is brought by plaintiff to recover damages for the loss of 45 head of cattle killed by one of defendant's trains while upon the right of way of defendant. A freight train of defendant while awaiting orders was standing near a station on a switch track about 58 feet south of the two main tracks and about 300 feet east of a highway crossing. The electric head light was lighted and cast a strong light upon the crossing. The plaintiff with full knowledge of the situation, about 7 p. m., when it was quite dark, with the assistance of three helpers, drove his herd of 103 cattle along the road south of the engine, past the same, and turned them north upon the crossing over the switch track and two main tracks. The cattle were going nicely passing over the switch track and south main track and 26 of them followed the leading herder across the north track, but the remainder hesitated and bunched up when upon the two main tracks, and drifted to the west along the tracks and resisted all efforts to return them to the crossing. While this was going on a fast train of defendant approached from the east at 60 miles an hour and ran into the cattle killing 45. The only ground of negligence relied upon for

recovery is permitting the head light of the freight engine to shine upon the crossing, resulting in the formation on the north side of the tracks of dark spots or shadows which caused the cattle to refuse to pass over them and off the right of way, and to crowd westward along the tracks.

Upon this state of facts we held on the rehearing that no actionable negligence was shown "where there is nothing to indicate that the engineer and fireman in charge of the freight train could reasonably or probably have anticipated what happened," the court, Rose, J., saying (page 795):

"If, as an experienced cattleman, knowing, as he did, that the light from defendant's engine was shining on the crossing, he did not anticipate what happened, is it fair to assume without proof that the engineer and fireman, in reason and probability knew the propensities of the animals and that the light and shadows would frighten them and make them unmanageable? It seems more reasonable to assume the contrary in the absence of proof, since engineers and firemen in the performance of their duties at night necessarily cross highways at different elevations above the natural surface of the ground, throw light on public crossings at varying angles, cast shadows along railroad tracks, observe the custom to light highway crossings in cities, villages and country places and witness the endless caravan of moving automobiles as they throw light and cast shadows at highway crossings everywhere." And the opinion closed with the remark: "The better view of the record is that the verdict is without support in the evidence."

The evidence upon the second trial, with the exception of two points to be mentioned later, was substantially the same as upon the first trial, and, therefore, under the settled rulings of this court the question of the sufficiency of the evidence is foreclosed by the decision on rehearing which was the final disposition of the case in this court. *Mead v. Tzschuck,* 57 Neb. 615; *Hruby v. Sovereign Camp, W. O. W.,* 83 Neb. 800. Plaintiff seeks to distinguish these cases because judgments upon the second trials were for defendants. We think there is no such distinction. The

rule was applied in *Merkouras v. Chicago, B. & Q. R. Co.*, 104 Neb. 491, where plaintiff recovered on both trials. Nevertheless, we have made a careful and critical study of the evidence contained in the record and find no reason to change our decision as announced upon the rehearing, subject to the consideration of two new matters brought into the evidence upon the second trial and now called to our attention as obviating the effect which would ordinarily follow our former decision upon a second appeal.

The first of these matters has to do with certain evidence offered by plaintiff and received by the court, but which we think is based upon a misapprehension of our opinion. Plaintiff asserts in his brief: "On rehearing this court sustained its former opinion, but withdrew it in order to send the case back to the district court for proof that the men in charge of the freight engine could reasonably have anticipated the consequence of permitting the light from the freight engine to shine undimmed. This court seemed to think that such anticipation could not be common knowledge, hence had to be proved, and because it was not proved at the first trial it should be proved at the second one. This was done at the second trial in accordance with the directions of this court." The statement that "this court sustained its former opinion, but withdrew it," aside from its lack of accuracy, assumes the possession by this court of powers which have been granted to none. If it were practicable for this court to sustain an opinion and withdraw it at the same time we might attain that felicitous, but generally supposed impossible, consummation of having decided the case with perfect satisfaction to both sides. We deem it unnecessary to disclaim any such attempt, especially in view of the wording of our order, "Former opinion vacated, and judgment of district court reversed," which we still think effectually stripped our first opinion of any effect upon the subsequent proceedings. Notwithstanding plaintiff's construction that the opinion required proof of knowledge on the part of the engineer and fireman of the freight engine of the propensities of the animals to become

frightened at lights and shadows, no such evidence was offered; but the plaintiff called a contractor, a janitor, a printer, a lumber dealer, and a barber, and was permitted to show by each of them that in their judgment a glaring headlight of an engine situated 300 feet from a highway crossing would have a tendency to frighten cattle and force them to travel with the rays of light. These witnesses were not offered as experts, counsel for plaintiff frankly conceding that his purpose was to show common knowledge of the facts stated in the evidence, and by that means charge the defendant's employees with such knowledge, and consequently with the duty of anticipating the effect of the light and shadows upon plaintiff's cattle. The experience and research of the writer may be at fault, but he is obliged to confess never having so far met with an attempt to prove common knowledge by the production of witnesses. Matters of common knowledge require no proof, the court taking judicial notice thereof.

If, however, we assume the possession of such knowledge by the engineer and fireman, it would still be necessary to locate these servants at such time and place as would call it into use in the performance of some duty they owed plaintiff, arising out of a knowledge, or duty to know, of the position of plaintiff's cattle. To meet this situation the evidence now to be considered was produced by plaintiff. The other new feature upon the second trial was the introduction of certain rules of defendant company requiring the fireman to "remain on duty with the engine," and providing that "engines must not be left without a man in charge except at designated places." It is not claimed that plaintiff had any prior knowledge of these rules, or that he relied upon them in any way, but it is contended that a breach of the rules of itself is evidence of negligence. A former engineer and now trainmaster of defendant testified to the practical construction which, in the operations of the rialroad, had been given these rules, and that it had never been held a violation that the servants were not at all times in the cab of the engine (see *Merkouras v. Chicago, B. &*

*Q. R. Co.*, 101 Neb. 717) ; that their duties frequently called them both to be down on the ground oiling, taking care of the ash pan, and a number of other things.  This would seem to be also the reasonable construction.  Notwithstanding the temporary absence of the servants while performing other duties, they would still be "in charge of" and "with the engine" for all practicable purposes.  True, if children climbed upon the engine during such temporary absence and were injured, it might furnish an inference of negligence, not, however, because of the rule, but because of a failure to exercise ordinary care under the circumstances.

So far as the public is concerned, the measure of care to be exercised in the operation of a railroad is determined by law, not by the rules of the company.  *Merchants Transfer & Storage Co. v. Chicago, R. I. & P. R. Co.*, 170 Ia. 378; *Hoffman v. Cedar Rapids &, M. C. R. Co.*, 157 Ia. 655; *McKernan v. Detroit City Street R. Co.*, 138 Mich. 519; *Fonda v. St. Paul City R. Co.*, 71 Minn. 438; where the reasons for the exclusion in certain cases of rules of defendant company for the guidance of its employees as evidence of negligence are well stated, and the cases discussed and distinguished.

Plaintiff cites from *Merkouras v. Chicago, B. & Q. R. Co.*, 101 Neb. 717, a remark from the dissenting opinion by Morrissey, C. J., but the action in that case was by an employee of the defendant, and the cases are a unit that in that situation the rules of the company, when applicable, are admissible.  Also *Smithson v. Chicago G. W. R. Co.*, 71 Minn. 216: That was an action by an employee fireman against his immediate employer, Chicago Great Western Railway Company, and receivers of Wisconsin Central Railroad Company, upon whose tracks he was operating under a joint arrangement between the two companies.  The rules received in evidence, a breach of which was claimed to have caused the accident, were those adopted by the Wisconsin Central Railroad Company for the government of all trainmen while using or occupying those tracks.  It is evident that plaintiff as a trainman was entitled to the

protection of these rules to the same extent as if they had been promulgated by his employer. Also, *Blumenthal v. Union Electric Co.*, 129 Ia. 322, an action by a passenger against the carrier, where the admission of the rules was merely held not prejudicial to defendant, as they did not require a higher degree of care than was imposed by law. Cases between employer and employee, and passenger and carrier, involve considerations of duty not present as regards the general public. The cases cited are not in point.

There is no direct evidence that defendant's servants were "not on duty with the engine," or were not "in charge" thereof, within the meaning of the rules in question. It seems to be assumed they were not from the fact that they were not called as witnesses. If they were not, we have seen their absence was no breach of duty toward plaintiff; if they were, to sustain plaintiff's position, we would be required to hold that at least one of them should have been in the cab of the standing engine watching the crossing with meticulous attention lest some animal should frighten at a shadow and refuse to step off the track and be run down by another train. This we are not prepared to do. To convict the servant of negligence under such circumstances would require him at a distance of 300 feet to observe the bunching of the cattle upon the track, divine the cause, and turn out the light; and after all this had been done the jury would have to assume that the cattle could have been driven off the track in time to avoid the collision.

We are unable to find in the record any evidence of actionable negligence. The judgment of the district court is reversed and the case dismissed.

REVERSED AND DISMISSED.