JOHN BOSTEDER, APPELLEE, v. WILLIAM B. DULING, APPELLANT: MARY BARRETT, ADMINISTRATRIX, APPELLEE.

FILED JUNE 8, 1928. No. 26460.

*Reavis & Beghtol,* for appellant.

*Allen & Requartte* and *E. G. Maggi,* for appellee Duling.

*Adams & Zimmerman,* for appellee Barrett.

Heard before ROSE, GOOD, THOMPSON, EBERLY and HOWELL, JJ., and REDICK, District Judge.

EBERLY, J.

This is an action by John Bosteder, as plaintiff, for damages sustained by him occasioned by the wrongful acts and neglect of one William B. Duling and one Edward Barrett in connection with a defective ensilage cutting machine jointly owned by them. From a verdict and judgment in favor of the plaintiff and against both defendants, Duling alone appeals. Mary Barrett, the original defendant, as administratrix of the estate of Edward Barrett, deceased, however, also presents a brief in behalf of Barrett's estate.

This is the second appearance of this controversy in this court. *Bosteder v. Duling,* 115 Neb. 557.

Duling challenges the correctness of the adjudication against him on the general ground that the evidence is insufficient to sustain it. This general proposition as urged by him applies to three distinct questions arising in the

record, viz.: (1) That the evidence in no manner sustains the judgment against either of the defendants; (2) that the evidence establishes affirmatively that, at the time of the injury, Duling had "loaned" the plaintiff's services, with plaintiff's consent, to the defendant Barrett under such circumstances and conditions as to constitute Barrett plaintiff's sole master, and that thus the recovery against Duling could not be sustained; (3) assumption of risk on part of plaintiff.

At the former trial of this case in the district court that tribunal, at the close of plaintiff's evidence, sustained a motion directing a verdict for the defendants. On review of this proceeding, this court held that the determination thus made was "clearly against the weight of the evidence and the law applicable thereto." Reference is here made to the opinion by Thompson, J., in that case for statement of facts established by the evidence at the time before the court. *Bosteder v. Duling, supra.*

In the record now before us appears substantially all of the evidence presented for consideration of this tribunal at the first hearing thereof, together with additional evidence, cumulative in nature, introduced by plaintiff. The defendant also introduced evidence at the last trial in the district court which, at most, may be deemed contradictory to that of plaintiff. But the jury, in consideration of the conflicting evidence, found generally for the plaintiff and against the defendants on the issues of fact thus presented in the record and submitted to their determination. Their action is final. *Skala v. Michael,* 109 Neb. 305; *Caniglia v. Vacanti,* 106 Neb. 793.

On the question as to the joint liability of the defendants, in our former opinion appears the following statement with reference thereto: "The further question is presented that these defendants are not jointly liable, and, not being so, cannot under this record be held individually. The evidence presented brings this case clearly within our holding in *Schweppe v. Uhl,* 97 Neb. 328, wherein we held: 'An act wrongfully done by the joint agency or coopera-

tion of several persons, or done contemporaneously by them without concert, renders them liable jointly and severally.' Further, as held by us in *Koehn v. City of Hastings*, 114 Neb. 106: 'If one suffers injury and damage as the proximate result of the negligence of two others, and the damage would not have occurred but for the negligence of each of such parties, both are liable to the person so injured.' " *Bosteder v. Duling*, 115 Neb. 557.

It would, therefore, fairly appear that, on the controlling questions now presented, this court has heretofore deliberated, decided, and announced its determination. It follows, in view of the record before us, that the conclusions of this court thus announced in our former opinion must now be deemed to be the law of the case. *O'Hara v. Davis*, 109 Neb. 615; *Lawson v. Union P. R. Co.*, 113 Neb. 745; *Merkouras v. Chicago, B. & Q. R. Co.*, 104 Neb. 491; *State v. Farmers State Bank*, 106 Neb. 387; *Scott v. Scotts Bluff County*, 106 Neb. 355; *Brightenburg v. Mulcahy*, 109 Neb. 423; *Harris v. Central Power Co.*, 111 Neb. 565; *Kerr v. Travelers Ins. Co.*, 103 Neb. 566.

On the question of assumption of risk presented by appellant, a careful consideration of the evidence in the record sustains the conclusion that the proof presented to, and considered by, the jury was ample to sustain the verdict as returned by them in the instant case, which, in effect, negatived appellant's defense on this ground. Indeed, the unquestioned ultimate facts of the transaction, as established by the evidence in the record before us, are such that it is doubtful whether any of the theories advanced by the appellant would operate to discharge him from liability for the results of the accident or secure for him relief from the judgment entered herein. At least, it may be said that ample proof sustains the conclusion that the defective machine, occasioning the injuries complained of, was originally purchased by Duling and the now deceased Barrett jointly; that it continued to be their joint property of which each enjoyed equal control as equal owners thereof, and was such at the time of the acci-

dent; that this machine was purchased, owned and maintained by its proprietors expressly to do the work of each upon the farms occupied by each, and to be operated by the labor furnished by both. It is thus fairly inferable that it was thus contemplated from the beginning by the joint owners that, as occasion required in the ordinary prosecution of their farm work, the machine in question should not only be employed and used by them as individuals and their joint employees, if any, but would also be furnished to and used by their individual servants and employees. The record also sustains the further conclusion that the particular kind or class of work in which this defective machine was employed by its owners, though performed for the benefit of each coowner as an individual, was treated by them as a joint undertaking, to be participated in by both with a view of securing more economical as well as more efficient service and results. This transaction then, as an entirety, bears many earmarks of a joint adventure, and would seem to be controlled by the principles applicable to that relation. *Peterson v. Nichols*, 90 Wash. 398.

"A contract establishing a joint adventure need not be express, but may be implied from the conduct of the parties." *Jackson v. Hooper*, 76 N. J. Eq. 185.

While our present transaction did not involve direct profits of a mercantile nature, it did contemplate mutual benefits to the parties thereto. Besides, expectation of profits is not a necessary element of a joint adventure. *Moore v. Hillsdale County Telephone Co.*, 171 Mich. 388.

While joint ownership of property alone does not create it, "A 'joint adventure' may exist where persons embark in an undertaking without entering on the prosecution of the business as partners strictly, but engage in a common enterprise for their mutual benefit; they each have the right to demand and expect from their associates good faith in all that relates to their common interests." *Jackson v. Hooper, supra.*

On the basis that we have before us what amounts to a

joint adventure, the rule applicable to the controversy would be: "Joint adventurers who are engaged in an enterprise requiring the use of mechanical contrivances are jointly and severally liable as joint tortfeasors." 33 C. J. 873, sec. 102. This question of joint adventure is, however, not necessary to the determination of this case. A careful examination of the facts of the record discloses that a simpler principle is applicable and a simpler question is controlling.

Defendant Duling admits joint ownership of the machine involved. The record sustains the evident conclusion of the jury that it was defective at the time of the accident, and that Duling knew it, or should have known it. Indeed, under his own evidence, there can be no question as to his knowledge, intent and purpose that on the day of this accident this defective machine was intended to be, and actually was, furnished to be operated by Bosteder in a place of danger. If Bosteder was then and there to be considered as the employee and servant of Duling, as a necessary incident of this employment would follow the duty of his master to furnish him with a reasonably safe instrumentality wherewith, and a reasonably safe place wherein, to do his work. But, on the other hand, if that contractual relation at the time of the accident be deemed as not to exist as to Duling, but to exist as between Bosteder and Barrett, still Duling, as an equal coowner of the defective machine furnished for Bosteder's use, under the facts in this case, was not relieved thereby from liability. The rule applicable to the then situation might, indeed, absolve him from liability as a master, but would be inoperative to absolve him from liability as a coowner furnishing machinery for the use of the servants of another.

"A person undertaking to furnish machinery or appliances for the use of the servants of another assumes a duty to furnish proper and safe appliances; and a negligent performance of such a duty, resulting in injuries to one engaged in doing the work or lawfully using the appli-

ances, imposes a liability on the person so furnishing the same for injuries sustained in consequence of such negligence. The obligation does not depend on a contractual relation between the person injured and the person whose negligence causes the injury, but on a failure to perform a duty assumed by one which results in injury to another." 18 R. C. L. 542, sec. 57. See, also, *D'Almeida v. Boston & Maine Railroad*, 209 Mass. 81; *Pearson v. Arlington Dock Co.*, 111 Wash. 14; *Roddy v. Missouri P. R. Co.*, 104 Mo. 234; *Bright v. Barnett & Record Co.*, 88 Wis. 299.

This court is committed to the view that it is a nondelegable duty of the master to exercise reasonable care to provide reasonably safe places to work, and to furnish reasonably safe and suitable appliances with which to work. This principle is alike applicable to him who undertakes to furnish machinery or appliances for use of the servants of another. If, in either case, he undertakes to perform this duty imposed by law through or by another, he acts at his own risk. If, therefore, the evidence be true that the plaintiff refused to work with this machine until repairs had first been made, and Duling was assured by Barrett that the machine had been fixed, when, in fact, it had not been repaired, and plaintiff, in turn, was induced by Duling to rely on Barrett's statement, good faith in the transaction can afford Duling no defense. And, on the other hand, if Duling had been duly notified or knew of the machine's defects and wholly failed to effect a correction thereof, he violated the plain duty which the fact of his coownership and the contemplated use of the machine imposed upon him, in view of the circumstances of this case.

In any event, therefore, it cannot be said that the verdict returned in this case and judgment entered thereon are not supported by the evidence of the record.

It therefore follows that the district court in the present case has proceeded in accord with law. The judgment of the district court is correct, and is

AFFIRMED.

HOWELL, J., dissents as to liability imposed on Duling.