Ismay **MITTLIEDER**, Special Administratrix of the Estate of Elmer R. Ochsner, Deceased, Appellant,

v.

**CHICAGO AND NORTHWESTERN RAILWAY COMPANY**, a Corporation, Appellee.

No. 20458.

United States Court of Appeals, Eighth Circuit.

April 16, 1971.

Martin A. Cannon, of Matthews, Kelley, Cannon & Carpenter, Omaha, Neb., for appellant.

Harry B. Otis, of Gaines, Spittler, Neely, Otis & Moore, Omaha, Neb., for appellee.

Before MATTHES, Chief Judge, and VAN OOSTERHOUT and GIBSON, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by Mittlieder, Administratrix, from judgment based on a jury verdict dismissing her wrongful death action arising out of the death of her intestate, Elmer R. Ochsner, in a railroad crossing collision with defendant's freight train. The trial giving rise to this appeal occurred following our reversal of a judgment of dismissal based on a jury verdict for the defendant in Mittlieder v. Chicago and Northwestern Railway Co., 8 Cir., 413 F.2d 77.

Our reversal was based on the ground that the trial court committed prejudicial error in submitting the defense of contributory negligence on the part of the passenger decedent in the absence of any evidence to support such defense. In our present case, the contributory negligence defense was not submitted.

The facts so far as material are fully stated in our prior opinion and will not be repeated here in detail. Plaintiff's decedent was killed as a result of a collision of the automobile in which he was riding as a passenger with defendant's train at a railroad crossing in the outskirts of Omaha, Nebraska. The driver and all occupants of the car were killed.

The usual specifications of negligence are asserted, including excessive speed, lack of control, lack of proper lookout, improper headlight illumination, improper warning, failure to seasonably apply the brakes, the backwards operation of the train and the dangerous condition of the crossing. Defendant denied negligence and asserted the accident was proximately caused solely by the negligence of decedent's driver. The evidence of defendant's negligence is weak. The evidence of negligence on the part of the car's driver is quite strong. The crossing is protected by a cross buck warning sign and by an electric wigwag signaler with two-way lights that flash and a bell which signaling device was operating at the time of the accident. Two juries have returned verdicts against the plaintiff.

Plaintiff urges that she is entitled to a reversal on the following grounds:

I. Errors in ruling on admissibility of evidence.

II. Error in admitting stipulation made at former trial.

III. Error in instructing jury to disregard evidence of train speed limit imposed by company rule.

IV. Error in overruling plaintiff's motion for new trial on ground of newly discovered evidence.

We hold the court committed no prejudicial error and affirm the dismissal judgment for the reasons hereinafter set out.

## I.

Plaintiff administratrix asserts the court erred in permitting the train engineer to testify as to the purpose of a light known as the Mars light and defendant's rules relating thereto. Plaintiff opened the subject by calling the engineer as a witness and enlisting the following testimony:

"Q. The purpose of that big red light is to attract the attention or to warn people of the fact that your train is coming, isn't it?

A. You mean the general public?

Q. Yes.

A. No, sir.

Q. You don't think so?

A. No, it isn't."

■ Defendant on cross-examination developed that the Mars light had been disconnected for some time and that under company rules the purpose of the light was to warn and give protection against another train in a breakdown situation. Plaintiff's objection to such testimony on best evidence grounds was overruled. The court found no one had a rule book in court. Defendant's counsel assured that a rule book would be available. The court directed defendant to provide plaintiff's counsel with the rules and suggested going on with the trial and that if plaintiff wanted to use the rules in connection with further examination of the witness, plaintiff could do so. The appendix shows no follow up on this. Plaintiff's brief sets out the rules. The rules appear to be consistent with the engineer's interpretation. In any event, no prejudice resulted.

In Lawson v. Union Pac. R. Co., 113 Neb. 745, 204 N.W. 791, 793, the pertinent Nebraska law is thus stated: "So far as the public is concerned, the measure of care to be exercised in the operation of a railroad is determined by law, not by the rules of the company." See Gagnier v. Bendixen, 8 Cir., 439 F.2d 57 (March 17, 1971).

Foley v. Bishop Clarkson Memorial Hospital, 185 Neb. 89, 173 N.W.2d 881, relied upon by plaintiff, is distinguishable and in our view in no way impairs the *Lawson* rule.

Defendant later used the engineer as its own witness. When plaintiff sought to cross-examine on the Mars light, objection was sustained on the ground that the testimony was outside the scope of the direct examination and that the question had been explored thoroughly when the engineer testified as plaintiff's witness. The extent of cross-examination is largely discretionary. Guyette v. Schmer, 150 Neb. 659, 35 N.W.2d 689, 692–693.

■ No abuse of discretion is here shown, particularly in light of our holding that under Nebraska law violation of the company's rules standing alone does not establish a basis for liability.

Plaintiff's further contention that expert testimony of Semerad, Christensen, McGann and Steenblock should be excluded for lack of proper foundation is without merit. See Mittlieder v. Chicago and Northwestern Railway Co., 8 Cir., 413 F.2d 77, 83, and footnote 5.

The trial court did not abuse its discretion in receiving the testimony complained of. It was the right and the duty of the jury to determine the weight of the evidence.

## II.

At the prior trial, the parties stipulated in open court that the blood sample taken from the driver of the accident car contained .22 per cent or $22/10,000$ths in alcohol by weight. Defendant offered this stipulation in evidence at the present trial. Plaintiff's counsel objected, stating:

> "The defendant has offered the stipulation entered into in the previous trial. I want the record to show that at an earlier date some months ago plaintiff advised defendant that he did not wish to renew the stipulation in this trial, and likewise so indicated in answers to the defendant's demands for admissions. The plaintiff has advised the Court that since the last trial he has come to the conclusion that the entry into the stipulation was, on the part of the plaintiff, improvident, and therefore objects to its use by the defendant at this time, and objects further for the reason that the stipulation itself is ambiguous and uncertain in its meaning and does not tend to prove or disprove any issue in the case."

The stipulation was received. Plaintiff's subsequent motion to strike the stipulation was overruled. Plaintiff's objection to the instruction submitting the issue of the car driver's intoxication to the jury was likewise overruled.

The use of a stipulation on retrial is involved in Le Barron v. City of Harvard, 129 Neb. 460, 262 N.W. 26. In that case, the Nebraska court held, at p. 32:

> "Parties will not be relieved from stipulations in the absence of a clear showing that the matter stipulated is untrue, and then only if the application for such relief is seasonably made, and good cause is shown for granting it. (Citations omitted.)

> "A motion addressed to the court for relief, sustained by proper proof, with due notice to opposing party, has been recognized as proper practice. Ish v. Crane, 13 Ohio St. 574; In re Reed (D.C., 2 Cir.) 117 F. 358. The opposing party must be given due notice of the proposed application for relief."

See United States v. Righter, 8 Cir., 400 F.2d 344, 351.

■■ The court committed no error in admitting the stipulation on retrial. Plaintiff did not take the timely steps required for repudiation or retraction of the stipulation or show good cause therefore.[1]

## III.

■ Plaintiff's contention that the court erred in instructing the jury to disregard defendant's self-imposed speed limit at the accident crossing in consideration of the issue of defendant's negligence lacks merit. As pointed out in division I, the court on the basis of Lawson v. Union Pacific was warranted in reaching such conclusion. Evidence in the record shows that the company imposed the speed limit solely for company purposes because of defects in the track.

## IV.

Plaintiff made a motion for new trial on the ground of newly discovered evidence. Such evidence consisted of information that the defendant had conducted a stopping test at the accident scene the result of which was that the train could likely have been stopped in a shorter distance. The court found defendant was not obligated to furnish this information to plaintiff on the basis of any continuing discovery rules, that the testimony was cumulative and that the result would not have been any different if the evidence had been available. The experiment was in the nature of expert testimony. Plaintiff at the trial produced several experts on the subject of distance required to stop a train and could

[1]. Plaintiff's contention that the stipulation is ambiguous lacks merit. We believe .22 per cent and $22/10,000$ths are equivalent. .22 per cent is $22/100$ths of 1 per cent. $22/100$ths of 1 per cent equals $22/10,000$ths.

have offered additional testimony in that respect if desired.

 Motions for new trial on the ground of newly discovered evidence are not favored. Such motions are addressed to the judicial discretion of the trial court. Consideration must be given to the trial court having the feel of the case from its vantage point of being present at the trial. The trial court's decision on such a motion will be reversed only on a showing of clear abuse of discretion. See United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562; United States v. Pope, 8 Cir., 415 F.2d 685, 691; Connelly v. United States, 8 Cir., 271 F.2d 333.

 Plaintiff has failed to demonstrate that the court abused its discretion in denying the motion.

Our review of the entire record satisfies us that plaintiff has had in all respects a fair trial and that no prejudicial error has been committed.

The judgment of dismissal is affirmed.