122 So.2d 131

**FOREST INVESTMENT CORPORATION**

**v.**

**COMMERCIAL CREDIT CORPORATION.**

7 Div. 475.

Supreme Court of Alabama.

June 30, 1960.

Gordon & Cleveland and Marcus A. Jones, Birmingham, for appellant.

Leader, Tenenbaum, Perrine & Swedlaw, Birmingham, and Karl C. Harrison, Columbiana, for appellee.

MERRILL, Justice.

Appellee filed a suit in detinue for a house trailer against Edgar Hipp and wife, Inez Hipp. Forest Investment Corporation intervened. This appeal is by the intervenor from a judgment for appellee after a trial by the circuit court without a jury.

United Mobile Homes, Birmingham, Alabama, sold the house trailer to H. H. Smith in May, 1957, under a conditional sales contract. This contract was sold to appellee, Commercial Credit Corporation. Smith moved the trailer to Talladega County and the contract was recorded there. Smith moved to Florida and a certificate of title application was filed in Florida by appellee. Smith got behind in his payments and United Mobile Homes, the dealer, obtained possession of the trailer, brought it back to its lot in Montgomery, and then later took it back to Birmingham. The record is silent as to how and under what claim United Mobile Homes repossessed the trailer. The undisputed evidence is that all payments due appellee were paid up to and including the January, 1959, payment, after which United Mobile Homes became bankrupt. Presumably, these payments were made by United Mobile Homes.

On November 17, 1958, United Mobile Homes resold the trailer to defendants Hipp and financed the paper through the intervenor. The Hipps removed the trailer to Shelby County and were living in it at the time appellee filed suit. Appellee recorded its contract in Jefferson County within three months after November 17, 1958, and also recorded it in Shelby County. Appellee's contract with Smith, the original purchaser, being in default in February, 1959, demand was made upon Hipp for possession, and when he refused to deliver,

a detinue suit was brought in Shelby County in March, 1959. On March 19th and April 7th, attorney for the appellee notified the intervenor that the detinue suit had been filed in Shelby County, and suggested that they intervene if they saw fit. The intervenor did file a petition to intervene on April 27, 1959. The cause had been set for trial on May 4, 1959.

On the day of trial, the defendants filed several pleas to the petition for intervention, the general issue, the invalidity of the conditional sales contract with United Mobile Homes and a plea of recoupment of the sum of $1800.40 against the intervenor. The attorney for the intervenor made a motion for continuance on the ground that he had just been brought into the case and had not had an adequate opportunity to prepare for trial, and on the ground that the plea of recoupment had just been served upon him. The court overruled the motion.

The trial proceeded and the court rendered judgment in favor of the plaintiff for the possession of the trailer and against the intervenor, and in favor of the original defendants Hipp on the plea of recoupment. The court subsequently amended this judgment limiting the amount which the Hipps could recover from the intervenor to the payments which had been made direct to the intervenor. Still later, the judgment was amended setting aside the judgment of the defendants Hipp against the intervenor with the consent of the defendants. The intervenor filed a motion for a new trial which was overruled.

Appellant's first argument is that the court erred in overruling the intervenor's motion for continuance. Intervenor's attorney argues that he had been employed only two weeks at the date he was forced to trial.

■ Continuances are not favored and a large discretion is vested in the trial judge as to whether it should or should not be granted, and this court will not revise such ruling in the absence of a clear showing of abuse. Ray v. Richardson, 250 Ala. 705,

36 So.2d 89; Knowles v. Blue, 209 Ala. 27, 95 So. 481.

■ The fault here was with appellant, not its attorneys. As already shown, counsel for appellee had notified appellant that suit had been filed and suggested intervention on March 19th, and again on April 7th. The fact that appellant delayed the employment of counsel until shortly before trial does not show abuse of discretion on the part of the trial court in denying the motion for continuance.

■■ It is next argued that the cause should have been continued because the defendants filed a plea of recoupment on the day of the trial, and appellant should have had additional time to answer this plea. Assuming, without deciding, that the court erred, there could have been no injury to appellant in this respect because the judgment against appellant based on the plea of recoupment was set aside at the request of the defendants who obtained the judgment. An appellant has the burden not only to show error but to show that the error has probably affected his substantial rights. State v. Johnson, 268 Ala. 11, 104 So.2d 915; Tankersley v. Webb, 263 Ala. 234, 82 So.2d 259; Pacific Fire Ins. Co. v. Overton, 256 Ala. 400, 55 So.2d 123; Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

■ Appellant assigns as error the sustaining of its objection to the introduction of intervenor's Exhibits A and B, which appear to have been a letter and a semimonthly report. These exhibits are not in the record. The propriety of the court's ruling in refusing to allow the introduction of these documents is not reviewable when the documents are not set out in the record. Neumiller v. Jenkins, 270 Ala. 231, 117 So.2d 402; Sims v. Struthers, 267 Ala. 80, 100 So.2d 23; Wesson v. Taylor, 240 Ala. 284, 198 So. 848; Pearson v. Howe, 11 Ala. 370.

■■ It is next argued that the court erred in overruling objections to appellee's

Exhibit 6, which was a conformed copy of the original contract showing that it had been recorded in Shelby County. Whether the contract had been recorded in Shelby County was not material in this case, and once again, we are governed by the rule that appellant must not only show error but must show probable injury. State v. Johnson, 268 Ala. 11, 104 So.2d 915; Bates v. Rentz, 262 Ala. 681, 81 So.2d 349; Royal v. Goss, 154 Ala. 117, 45 So. 231; Supreme Court Rule 45. It has long been the rule that the erroneous admission of evidence on an immaterial issue is harmless. Witherington v. White, 165 Ala. 316, 51 So. 726; 2A Ala. Digest, Appeal & Error, ☞1050 (3).

The main question to be decided by the trial court was this question of fact—was appellee's conditional sales contract recorded in Jefferson County within three months after the trailer was brought back into this State and into Jefferson County, as required by Tit. 47, § 131, Code 1940, as amended? There is no doubt under the evidence but that defendants were innocent purchasers for value.

The evidence was in conflict since appellant's evidence tended to show that the trailer was returned to Jefferson County in September, 1958. Appellee's evidence and that of defendants tended to show that the trailer was not there until November 17, 1958. The contract was recorded in Jefferson County on February 16, 1959.

■ It is not the province of this court to substitute its judgment for that of the trier of facts unless his findings are palpably wrong or an improper standard has been applied. English v. Jacobs, 263 Ala. 376, 82 So.2d 542; nor will this court substitute its own judgment for that of the trier of facts at nisi prius on conflicting evidence, even though the conclusion of the reviewing court might have been different. Faust v. Miller, 260 Ala. 665, 72 So.2d 294. There was evidence to support the finding of the trial court and the judgment will not be disturbed since the evi-dence was taken ore tenus before that court.

Appellant's final contention is that the motion for a new trial should have been granted on the ground of newly discovered evidence.

■ The propriety of granting such a motion on the ground of newly discovered evidence must, in this State, be tested by the following settled rules:

(1) The evidence must be such as will probably change the result if a new trial is granted;

(2) The evidence must have been discovered since the trial;

(3) The evidence could not have been discovered before the trial by the exercise of due diligence;

(4) It must be material to the issue;

(5) It must not be merely cumulative, or impeaching. McCormack Bros. Motor Car Co. v. Arnold, 223 Ala. 504, 137 So. 288; Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 So. 45; Birmingham Electric Co. v. Linn, 33 Ala.App. 486, 34 So.2d 715.

■ The chief import of the new evidence contained in affidavits merely supported appellant's claim that the trailer had been in Jefferson County more than three months prior to the recordation of the conditional sales contract. This was the identical point on which the trial court found against appellant. It appears that the asserted newly discovered evidence is only cumulative and impeaching.

■ The granting or denying of a motion for a new trial on the ground of newly discovered evidence rests largely in the trial court's discretion, and its order will not be reversed on appeal unless it is made to appear that the order violated some legal right of appellant or there was an abuse of discretion; the presumption being that the discretion was properly exercised. Birmingham Electric Co. v. Toner, 251

Ala. 414, 37 So.2d 584; Foster v. Rosamond, 28 Ala.App. 99, 180 So. 334.

We find no error in the action of the trial court in denying the motion for a new trial. It follows that the judgment must be affirmed.

Affirmed.

LAWSON, STAKELY and COLEMAN, JJ., concur.