**Petition of Demetrios DEVLAS, To Be Admitted a Citizen of the United States of America.**

United States District Court
S. D. New York.
Sept. 17, 1962.

David N. Ilchert, for U. S. Dept. of Justice, Immigration and Naturalization Service, New York City, petitioner.

Constantine N. Vagionis, New York City, for respondent; Nicholas Tsoucalas, New York City, of counsel.

DAWSON, District Judge.

This is a motion by the Immigration and Naturalization Service, Department of Justice, to vacate a determination by this court granting citizenship to Demetrios Devlas on February 5, 1962. The Service (petitioner) moves under Rule 60(b) of the Rules of Civil Procedure, 28 U.S.C.A.[1]

---

[1] "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the follow-

The pertinent facts are not in dispute. Devlas (respondent) was required to answer certain questions at the time he filed his petition for naturalization on December 20, 1961 and again on February 5, 1962, immediately prior to his admission to citizenship. In both instances he averred that he was unmarried.

Subsequent to respondents' obtaining citizenship, petitioner learned that Devlas was married to Erofili Stamatoulakis as a result of a civil ceremony performed in New York City on November 29, 1961. Stamatoulakis is a native and citizen of Greece who at the time of her marriage was an absconding alien. Her whereabouts were then unknown and on December 15, 1961 she was ordered deported from the United States.

It is the contention of petitioner that the failure of Devlas to disclose his true marital status operated as a fraud upon this court and that the order and judgment of February 5, 1962 should be vacated and respondent's application for citizenship placed on a pending status before this court in the same manner and effect as if the order and judgment of February 5th had never been promulgated.

Respondent seeks to show that the statements concerning his marital status, if false, were not willfully so. This contention, which is addressed to Devlas' state of mind, has a two-fold basis: (1) respondent did not consider himself married until he and Erofili Stamatoulakis were joined in a religious ceremony which was conducted subsequent to his being admitted to citizenship, and (2) that on February 5, 1962 the marriage had not yet been consummated.

The petitioner does not seek by this motion permanently to deprive respondent of his American citizenship. If this motion were to be granted, this court at a future date would have to determine whether the false statements of Devlas were of such gravity as to amount to grounds for denial of citizenship.

The vacation of the order and judgment of February 5, 1962 would, however, deprive respondent of citizenship until such time as his petition was reexamined by the court. Revocation of citizenship, even for a brief period of time, is a serious matter not to be lightly undertaken.

Section 1451 of Title 8 U.S.C.A. specifically provides for an action by a United States Attorney to set aside a naturalization order procured through the "concealment of a material fact or by willful misrepresentation." [2] If the United

ing reasons: * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party * * *. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. * * * * "

2. "It shall be the duty of the United States attorneys for the respective districts, upon affidavit showing good cause therefor, to institute proceedings in any court specified in subsection (a) of section 1421 of this title in the judicial district in which the naturalized citizen may reside at the time of bringing suit, for the purpose of revoking and setting aside the order admitting such person to citizenship and canceling the certificate of naturalization on the ground that such order and certificate of naturalization were procured by concealment of a material fact or by willful misrepresentation, and such revocation and setting aside of the order admitting such person to citizenship and such canceling of certificate of naturalization shall be effective as of the orginal date of the order and certificate, respectively * * *." 8 U.S.C.A. § 1451(a).

States should institute such proceedings the very same issues of fact will have to be decided in that case as will have to be determined if respondent's petition for citizenship is re-examined by this court.

There would be one significant change, however: respondent will remain a citizen until such time as the United States prevails in that action. Revocation under section 1451 voids the original proceedings "as of the original date of the order and certificate, respectively." This would leave the parties in the same position as if the instant motion were granted and the petition of respondent for citizenship then denied.

An action under section 1451 has not been brought. Instead petitioner moves under Rule 60(b) of the Federal Rules of Civil Procedure. In support of this petition it relies on subsection (j) of section 1451[3] which declares that the entire section in no way limits or restricts the power of a court to reopen, modify or vacate a judgment or decree naturalizing any person.

■ Rule 60(b) also contains a clause allowing a party to bring an independent action based upon alleged fraud. See Moore and Rogers, Federal Relief from Civil Judgments, 1946, 55 YALE L.J. 623, 653–59; 3 Moore, Federal Practice, 1938, § 3267 et seq.; Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944). An independent action requires a full hearing on the merits of the claim; the instant motion reserves to the court the propriety of conducting such hearings. Consolidated Gas & Equipment Co. of America v. Carver, 257 F.2d 111, 114–115 (10th Cir. 1958).

■ The tenor of the cases decided under Rule 60(b) makes it clear that this motion is equitable in nature and appeals to the conscience of the court. Serio v. Badger Mutual Insurance Co., 266 F.2d 418, 421 (5th Cir. 1959), cert. denied 361 U.S. 832, 80 S.Ct. 81, 4 L.Ed. 2d 73 (1959): "The rule is to be liberally construed in order that judgments may reflect the true merits of a case." Consolidated Gas & Equipment Co. of America v. Carver, supra, 257 F.2d at p. 114: "(T)he rule is to be liberally construed as a grant of power to a court to vacate a judgment when such action is appropriate to accomplish justice." Huntington Cab Co. v. American Fidelity & Casualty Co., 4 F.R.D. 496, 498 (S.D.W.Va. 1945): "The courts have given this rule [60(b)] a liberal construction, always trying, where possible, to see that cases are decided on their merits." Pierre v. Bernuth, Lembcke Co., 20 F.R.D. 116 (S.D.N.Y.1956), in which Judge Bryan quotes with approval from 7 Moore, Federal Practice, p. 308 (2d ed. 1950): "This provision is 'a grand reservoir of equitable power to do justice in a particular case.'" See Fiske v. Buder, 125 F.2d 841 (8th Cir. 1942); 3 Barron & Holtzoff, Federal Practice and Procedure, Rules Ed., 392, § 1332.

■ In the usual proceeding the moving party is precluded by the doctrine of res judicata from instituting a separate action on the same cause of action. This section is intended as relief from the obvious injustice of allowing a fraudulent party to hide behind the protective shield of this doctrine. Matthews v. Wolvin, 266 F.2d 722 (5th Cir. 1959); Dowdy v. Hawfield, 88 U.S.App.D.C. 241, 189 F.2d 637 (1951), cert. denied 342 U.S. 830, 72 S.Ct. 54, 96 L.Ed. 628 (1951);

---

3. "Nothing contained in this section shall be regarded as limiting, denying, or restricting the power of any naturalization court, by or in which a person has been naturalized, to correct, reopen, alter, modify, or vacate its judgment or decree naturalizing such person, during the term of such court or within the time prescribed by the rules of procedure or statutes governing the jurisdiction of the court to take such action." 8 U.S.C.A. § 1451(j).

Jungersen v. Axel Bros., Inc., 121 F.Supp. 712 (S.D.N.Y.1954), aff'd 217 F.2d 646 (2d Cir. 1954), cert. denied 349 U.S. 940, 75 S.Ct. 784, 99 L.Ed. 1267 (1955), rehearing denied 350 U.S. 868, 76 S.Ct. 99, 100 L.Ed. 769 (1955).

While the United States is to be treated as other parties would be under Rule 60(b), Washington Farms v. United States, 122 F.Supp. 31 (D.C.Ga.1954), it is significant that Congress has provided for denaturalization proceedings to be instituted by a United States Attorney. The United States is not, therefore, faced with the dilemma usually encountered by the losing side in a civil proceeding. Devlas' right to citizenship has not been finally and irrevocably determined.

To grant petitioner's motion without further hearing would be to deny respondent citizenship until such time as his petition was acted upon. Citizenship is a precious gift, zealously sought and dearly treasured. It should not be revoked, however brief the period, upon motion papers which leave in doubt the citizen's state of mind at the time he gave the alleged false answers.

It may well be that the Government has sufficient basis for revocation based upon Devlas' marital status. United States v. Lumantes, 139 F.Supp. 574 (N.D.Cal.1955). But the respondent is entitled to a full and fair hearing on this subject. If this court should conduct such a hearing, and upon sufficient proof by the petitioner, vacate its order and judgment of February 5, 1962, the self-same issue would then be relitigated when respondent's petition came before the court.

The necessity of this two-step process is obviated by the United States instituting a suit for denaturalization as it is authorized to do by section 1451 of Title 8 U.S.C.A. Such a procedure would give each side an opportunity to present its proof without the necessity of conducting two separate inquiries.

Motion denied. So ordered.