319 So.2d 275

**Andrew A. BLEVINS**

**v.**

**James PRUITT.**

**Civ. 548.**

Court of Civil Appeals of Alabama.

Sept. 10, 1975.

James & Lowe, Haleyville, for appellant.

Jerry W. Jackson, Haleyville, for appellee.

WRIGHT, Presiding Judge.

Plaintiff brought suit for the work and labor of installing air conditioning in a mobile home. Defendant counter-claimed for breach of warranty in the installation. Verdict and judgment was for the plaintiff for the sum of $775.00.

Defendant moved for new trial on the ground that plaintiff testified mistakenly or falsely in his testimony as to the model of conditioner installed and the instructions used in the installation. After hearing and receipt of evidence on the motion, the same was denied and defendant appeals. We affirm.

The argument of defendant is that the evidence produced at the hearing on the motion showed plaintiff's testimony that he installed a Model SCH 36A and used instructions issued by the manufacturer theror for the installation was false. Evidence of defendant was that the Model SCH 36A had not been manufactured nor instructions published thereon until more than a year after the installation. Defendant contends that as plaintiff did not answer or rebut such evidence, it must be concluded that he testified falsely and the judgment should be reversed because of such false testimony.

Plaintiff contends that the matters presented by the motion amounted to nothing more than an effort to claim newly discovered evidence.

We have carefully reviewed the evidence presented during the trial and in support of the motion for a new trial as they relate to the issues presented by the complaint and the counter-claim. The complaint claimed money for work, labor and materials. There was no dispute that such work or labor was performed and the claimed materials furnished. There was no dispute that payment had not been made. Defendant claimed by way of counter-claim that the labor was not performed in a workmanlike manner, that the air conditioner did not perform as promised and that he was caused to spend large sums for repairs and changing parts of the installation.

Plaintiff in response to the counter-claim offered testimony that he had installed an air conditioner selected by the defendant and had installed it according to instructions of the manufacturer. He offered into evidence instructions which he said he followed. At the trial there was examination and cross examination as to the model of air conditioner installed and whether it was properly installed. There was no contention by defendant that the unit installed was unfit and not according to his needs,

but only as to whether the work was properly done.

The evidence on the motion did show, without dispute, that the instructions which plaintiff stated he followed and which he presented as an exhibit were not written or issued at the time of installation; however, it was shown by cross-examination that the installation described by plaintiff was in accord with instructions issued for the model which he installed and there was no material difference in the instructions issued for the two units. Each unit produced the same cooling power in BTU's and that the unit later produced contained only minor modifications in construction.

The evidence to refute the prior testimony of plaintiff produced on the motion for new trial was available to defendant at the time of trial. The model number was attached to the unit. Investigation and preparation for trial would have fully made available the impeaching evidence subsequently produced at the hearing on the motion for a new trial.

The granting or denial of a motion for a new trial on the ground of newly discovered evidence rests largely within the discretion of the trial court. The ruling of the trial court will not be disturbed unless it is clearly shown to have abused its discretion. *Kurn v. Counts,* 247 Ala. 129, 22 So.2d 725; *Lassiter v. State,* 38 Ala.App. 287, 83 So.2d 365. The case of *Forest Investment Corp. v. Commercial Credit Corp.,* 271 Ala. 8, 122 So.2d 131 sets out the settled rules by which a motion for a new trial on the ground of newly discovered evidence is to be tested.

We need not repeat them here, but state that when applied to the issues and evidence of this case, we find no abuse of discretion by the trial court in the denying of the motion for new trial.

Affirmed.

BRADLEY and HOLMES, JJ., concur.