This is an appeal by Samuel Lee Pace, the plaintiff below, from the Circuit Court of Jefferson County's denial of his Rule 60 (b), ARCP, motion. The sole issue on appeal is the propriety of the trial court's ruling with regard to the motion. We affirm. *Page 1063 
In January of 1975, Pace filed suit against the defendant below, John Arthur Jordan, for injuries incurred as a result of an automobile accident with Jordan. A trial was had in mid April of 1976 and a jury returned a verdict for Pace and assessed his damages at $2,500.
At the trial, the deposition of Dr. Keith H. Langford was read into evidence. Dr. Langford treated Pace from the time of the automobile accident in November of 1974 through July, 1976.
Dr. Langford stated that he had seen and treated Pace on numerous occasions subsequent to the automobile accident. At the initial time of the accident in November of 1974, x-rays had been made of Pace's neck and spine. These x-rays indicated no visible signs of injury to Pace's body. Pace, however, complained of neck pains and he was placed in traction for three days before being discharged from the hospital.
Pace returned to see Langford, or other physicians in Langford's absence, on approximately 14 different occasions during the 17 months following the automobile accident. On these visits, Pace complained of stiffness in his back and pains in his back, neck, and extremities. Pace would appear to progress for some time and then the pains would reoccur.
The most recent dates Pace was seen by a physician prior to trial were February 19, 1976, and March 30, 1976. On these visits, he complained of pain in his neck and right leg, numbness in the tips of his fingers and hands, and weakness in his hands. These pains are common for someone who has had a severe spinal injury. There is no suggestion that Pace feigned the extent of his injuries. Throughout these visits, Dr. Langford prescribed pain killing pills and physical therapy.
Dr. Langford also made the following comments:
"Q Do you have any type of prognosis for him [Pace]?
 "A The prognosis, I believe, is that he will intermittently have pain in the neck and in the lower part of the back, but, that he will probably not get any worse than he is now.
"Q Would this pain be incapacitating at all?
 "A At times, I expect it will incapacitate him for a few weeks at a time.
. . . . .
 "Q Is there a possibility that he may have some permanent damage?
. . . . .
"A Yes, there is a possibility.
 "Q You mentioned that he may be incapacitated in the future?
"A Yes.
. . . . .
 "Q Is there a possibility that his condition could worsen so that he couldn't continue working?
"A Yes, there is."
Pace's motion for a new trial on the grounds of inadequacy of damages was denied. He took no appeal from the order denying his motion.
On August 12, 1976, Pace filed a 60 (b) motion seeking to have the jury's verdict set aside. His motion alleged that subsequent to the jury verdict in April of 1976, he had undergone a serious operation which was required to be performed as a result of the injuries he incurred in the November, 1974, automobile accident. He stated that neither he nor his attorney knew, nor could they have ascertained through the exercise of due diligence, that the operation would be required. He alleged the increased medical expenses and loss of earnings associated with the operation constituted newly discovered evidence which warranted setting aside the judgment.
From the denial of his 60 (b) motion, Pace filed this appeal.
At the outset, we point out that the granting or denial of a motion to set aside a judgment on the basis of newly discovered evidence is a matter largely within the discretion of the trial court. The trial court's decision will not be reversed unless it is plainly shown to have abused its discretion. Morris v.Yancey, 272 Ala. 549, *Page 1064 132 So.2d 754 (1961); Blevins v. Pruitt, 56 Ala. App. 76, 319 So.2d 275
(1975). Kodekey Electronics, Inc. v. Mechanex Corp.,486 F.2d 449 (10th Cir. 1973); 1Giordano v. McCartney, 385 F.2d 154 (3rd Cir. 1967).
Motions to set aside judgments on the basis of newly discovered evidence are not favored. Mittlieder v. Chicago Northwestern Railway Co., 441 F.2d 52 (8th Cir. 1971). The rationale underlying the stringent granting of relief pursuant to Rule 60 (b) is clear — eventually there must be an end to litigation. 7 Moore's Federal Practice, ¶ 60.27[2], p. 355 (1975); C. Wright, Law of Federal Courts, 440 (1970); Wright and Miller, Federal Practice and Procedure: Civil § 2857, p. 159 (1973). In accordance with this philosophy of enhancing the sanctity of final judgments, it has repeatedly been held that Rule 60 (b) relief is available to the complaining party only under the most extraordinary and compelling circumstances.Stradley v. Cortez, 518 F.2d 488 (3rd Cir. 1975); Horace v. St.Louis Southwestern Railroad Company, 489 F.2d 632 (8th Cir. 1974); Plisco v. Union Railroad Company, 379 F.2d 15 (3rd Cir.), cert. denied, 389 U.S. 1014, 88 S.Ct. 590,19 L.Ed.2d 660 (1967). We do not deem the circumstances of this case to be so extraordinary as to enable this court to unequivocally state that the trial court abused its discretion in denying Pace's 60 (b) motion.
Free, calculated, deliberate choices do not entitle one to 60 (b) relief. Ackermann v. United States, 340 U.S. 193,71 S.Ct. 209, 95 L.Ed. 207 (1950); Lubben v. Selective Service SystemLocal Board No. 27, 453 F.2d 645 (1st Cir. 1972). Here, Pace had repeatedly seen physicians. The trial court could have concluded that Pace was or should have been aware that he might require further medical treatments and be unable to work for extended periods of time. However, he chose to proceed at the time and in the manner previously indicated.
We are not to be understood as being critical of any actions taken by Pace or his attorneys regarding the above. Such matters arise frequently during the course of a lawsuit and require decisions which involve application of various factors, both objective and subjective. That such decisions, when viewed in retrospect, might be different do not warrant 60 (b) relief.
Under circumstances similar to those contained herein, the trial court's denial of a 60 (b)(2) motion has been sustained. In Still v. Townsend, 311 F.2d 23 (6th Cir. 1962), the plaintiff was awarded damages of $1,375 for injuries sustained in an automobile accident. Her newly discovered evidence consisted of the diagnosis of a qualified neurological surgeon, who saw her for the first time after trial, that her injury was "most serious and productive of permanent disability." This opinion differed from that expressed by her physicians at trial. The 6th Circuit Court of Appeals affirmed the trial court's denial of her motion for a new trial based on newly discovered evidence.
Here, the trial court determined that Pace was not entitled to 60 (b) relief. While we cannot state that the ruling of the trial court was the only available alternative, we are certain that such ruling does not constitute the clear abuse of discretion which mandates reversal by this court.
Pace, through able counsel on appeal, also contends the trial court erred in not setting aside the judgment because of the inadequacy of damages. As previously stated, he had asserted inadequacy of damages as a ground for a new trial in his Rule 59 motion, the denial of which he failed to appeal. Now, however, he seeks to have this court review the propriety of the jury's award of damages pursuant to his Rule 60 (b) motion.
It is clear that this court could not review the trial court's ruling with respect to Pace's motion for a new trial on the inadequacy of damages, since Pace failed to appeal within the prescribed time. Rule 4 (a), ARAP. Having failed to obtain review by appeal, he may not now obtain review pursuant to Rule 60 (b), since the rule is not a substitute for appeal. Burnsidev. Eastern Airlines, Inc., 519 F.2d 1127 (5th Cir. 1975); 7Moore's Federal Practice, ¶ 60.27[2], p. 352 (1975). See alsoWilger v. *Page 1065 Department of Pensions Security, Ala. Civ.App., 343 So.2d 529
(1977).
The ruling of the trial court is to be affirmed.
AFFIRMED.
BRADLEY, J., and PAUL, Retired C.J., concur.