This is an appeal from the denial by the trial court of appellant's Motion for Relief from Judgment filed pursuant to Rule 60 (b) of the Rules of Civil Procedure. The sole issue presented is whether the trial court erred in denying the motion without a hearing where a written request for a hearing had been made.
A motion filed under Rule 60 (b) addresses itself to the discretion of the trial court. The ruling of the trial court in regard to such motion will not be reversed except for abuse of discretion. Clark v. Clark, 356 So.2d 1208 (Ala.Civ.App. 1978);Pace v. Jordan, 348 So.2d 1061 (Ala.Civ.App. 1977), cert.denied, Ex parte Pace, 348 So.2d 1065 (Ala. 1977). *Page 1139 
In exercising this discretion the court must balance a desire to achieve justice against the interest in finality of judgment. Clark v. Clark, supra.
Although there appears to be no Alabama case of precedent on the point here presented, the federal courts have reserved to the trial court the propriety of conducting a hearing on a motion for relief from judgment, Clarke v. Burkle, 570 F.2d 824
(8th Cir. 1978); United States Fidelity and Guaranty Co. v.Lawrenson, 334 F.2d 464 (4th Cir. 1964); Petition of Derlas,31 F.R.D. 130 (N.Y.D. 1962), and have reversed only where denial of the hearing amounted to an abuse of discretion. Clarke v.Burkle, supra.
Appellant has characterized her motion as a Motion for Relief from Judgment as void based on Rule 60 (b)(4). Clearly the judgment is not void. At the time the judgment was entered, the trial court had jurisdiction of the subject matter and the parties and rendered a valid judgment.
In her petition appellant alleges that: (1) at the time of trial she was not sane so that she could apprise her attorneys of the facts necessary to present her case; (2) that she could not apprise her attorneys of the fact that her psychiatrist would have testified that she was insane at the time she signed the contract upon which the action was based.
The only part of the record of the events of the original trial leading to judgment before us on appeal is the judgment itself. The judge who presided as the trier of fact at the trial also ruled on the motion to set aside the judgment. At the time of ruling upon the 60 (b) motion he was cognizant of all the events of the trial and heard and saw the parties, including the petitioner, according to the judgment entry. One of the issues presented at trial and determined by the judgment was the issue of the sanity of petitioner at the time of her execution of a contract. The court found her to have been sane at the time of execution. From aught shown to this court, the trial judge had opportunity to also form an opinion as to her sanity and ability to communicate with her counsel during the trial.
The clear purpose of the motion is to secure the setting aside of the judgment so that petitioner may relitigate the issue of her sanity at the time of signing the contract. Thus, the actual ground for the motion is ground 2 of Rule 60 (b),i.e., newly discovered evidence. Motions to set aside a judgment on that ground are not favored. Pace v. Jordan, supra.
It has been said that the court need not hold a hearing on a 60 (b) motion if it clearly is without substance and merely an attempt to burden the court with frivolous contentions. U.S.Fidelity Guaranty Co. v. Lawrenson, supra. The burden is upon the movant to establish that the trial court abused its discretion in denying the motion without a hearing. As the record of the trial is not before us, it is obvious that the judge below had personal knowledge of the matters alleged in the motion to which this court is not privy. We therefore cannot hold that his discretion was abused.
The court declines to classify this appeal as frivolous and assess penalty under Rule 38, ARAP.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.