This case arises from an automobile accident in the City of Montgomery. Four issues are raised on appeal: (1) After the plaintiff discovered a new witness, did the trial court improperly deny her motion to reopen the case, after the parties had rested, but before the jury was charged, and did the trial court err in denying her motion for a new trial? (2) Did the trial court give an erroneous oral charge based on the same ground, and if so, did plaintiff timely object? (3) Did the trial court abuse its discretion in refusing to allow plaintiff's expert witness to testify? (4) Did the court abuse its discretion in denying plaintiff's motion to produce a supplemental accident report during the trial's discovery stage?
The plaintiff/appellant suffered severe injuries when the car in which she was a passenger collided with a Montgomery city police cruiser. A jury returned a judgment in favor of the defendant/appellee, the City of Montgomery. The plaintiff, Cynthia Hancock, appeals from that judgment and raises the aforementioned issues.
The record shows that a small pipe (for smoking) and open beer bottles were discovered in and around the automobile carrying the plaintiff. The driver of that vehicle, a male friend of Hancock, refused to answer at trial any questions regarding alcohol consumption or marijuana use. Instead, he chose to invoke his fifth amendment right to remain silent.
The major disputed issue in the case involved the use, or nonuse, of the police car's blue light prior to the accident. The evidence showed that the police vehicle was on *Page 31 
an emergency run when it collided with the automobile carrying Hancock. The defendant's witnesses maintained that the light was on during the entire emergency run, while the plaintiff produced a witness that testified that the police officers failed to turn on the emergency light prior to the collision.
During the trial, an accident reconstruction expert testified for the plaintiff, but the trial court refused to allow Dr. George Kirkham, a criminologist, to testify as an expert. The plaintiff wanted him to express an opinion about the training Montgomery police officers received pertaining to police vehicles and emergency runs.
At the conclusion of the case the jury returned a judgment in favor of the City of Montgomery. I. Motion to Reopen Case
After both parties had presented their cases and rested, but before closing arguments and the judge's oral charge were given, the plaintiff moved to reopen her case. Hancock's attorneys claimed that a newly discovered witness had contacted them with vital information about statements allegedly made by the police officers in her presence, regarding the use of the police cruiser's blue light during the emergency run. The trial court heard argument on the motion to reopen the case outside the presence of the jury. The prospective witness was a nurse on duty in the Montgomery Baptist Hospital emergency room on the evening of the accident. The plaintiff asserted that the nurse would testify about certain comments she overheard between the two police officers involved in the accident. She allegedly would have testified that the officers were distraught and that at least one of them had expressed remorse at having killed "that child" (referring to the minor plaintiff, Cynthia Hancock). Further, the newly discovered witness allegedly was willing to testify that the same officer had stated that the blue light on the police vehicle was not operating when the accident occurred.
The trial court denied the plaintiff's motion to reopen the case. A court in Alabama "may, at its discretion", reopen a case, "when it appears to be necessary to the due administration of justice." Code 1975, § 6-8-103. Both parties recognize that Alabama has for many years deferred to the sound discretion of the trial court in matters of this nature.Kennedy v. Nelson, 37 Ala. App. 484, 487, 70 So.2d 822, 825
(Ala.Ct.App. 1954); State v. Alabama Public Service Commission,293 Ala. 553, 562, 307 So.2d 521, 528 (1975).
During the colloquy between the plaintiff's counsel and the trial judge, the trial judge stated:
 "THE COURT: Yes. I think that — I need to know what you are asking for. You bring this to the attention of the Court, but I have got to think about all the parties in the case. We have had depositions cutoff dates that go way back to the fall. We have continued the case one time because the Plaintiff was in the hospital. We continued it another time because you were in the hospital. There has got to be some sort of consideration given both to her and all of these other people. I just do not see that it is fair at all to ask them to respond to this on the very, very short notice that you have had, unless they agree to it, and I am not saying that I would do it, but I think it would be an awful imposition on this Court, and on the parties. But, the most I would consider is just starting it all over Monday and just retrying it."
The Court also noted:
 "THE COURT: We have gone through a thorough and complete discovery process in this case, and such as this just makes a mockery out of Rule 26 and the rest of the rules of what somebody is supposed to be faced with, and I can't possibly just ignore the Rules of Procedure or just the rules of elementary fair play."
The court, in effect held that to reopen the case to allow the nurse to testify at such a late point in the trial, in view of the "totality of the circumstances," would be unfair. The trial court also denied plaintiff's *Page 32 
motion for mistrial and a motion to allow the nurse to testify as a rebuttal witness. We find the trial court did not abuse its discretion.
The plaintiff subsequently moved for a new trial on the ground that newly discovered evidence existed. The granting or denying of a new trial on this ground also rests largely within the trial court's discretion. Gilmer v. Salter, 285 Ala. 671,676, 235 So.2d 813, 817 (1970); Tankersley v. Tankersley,270 Ala. 571, 574, 120 So.2d 744, 746 (1960). Alabama codifies the grounds for a new trial and included in that enumeration is: "[n]ewly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial." Code 1975, § 12-13-11 (7). (Emphasis added.) See Forest Investment Corporation v.Commercial Credit Corporation, 271 Ala. 8, 12, 122 So.2d 131,135 (1960); Morris v. Yancey, 272 Ala. 549, 552, 132 So.2d 754
(1961); Sunnyland Foods, Inc. v. Catrett, 395 So.2d 1005, 1009
(Ala.Civ.App. 1980).
The accident occurred four years before the trial commenced. We have reviewed the record and hold that the trial judge could have determined that with "reasonable diligence," the plaintiff, prior to trial, could have discovered what the nurse allegedly overheard on the evening of the accident; therefore, under the operative facts of this case, the trial judge was authorized to find that the nurse was not a newly discovered witness. Since the accident the nurse has continuously worked at Baptist Hospital and has been available for questioning. The liberal discovery rules provide parties the opportunity to locate witnesses like the nurse. Without a showing that the trial court clearly abused its discretion, this Court, on appeal, will not order a new trial. Blevins v. Pruitt,56 Ala. App. 76, 78, 319 So.2d 275, 276 (Ala.Civ.App. 1975). We hold that the trial court did not abuse its discretion.
II. Trial Court's Oral Charge
The appellant asserts that the court made an erroneous jury charge regarding the applicable rules governing the proper use of sirens and warning lights by police vehicles during emergency runs. The plaintiff's failure to timely object to the charge before the jury retired removes the need to consider the merits of the objection. ARCP 51 states: "[N]o party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto beforethe jury retires to consider its verdict. . . ." (Emphasis added.) The plaintiff urges this Court to carve out an exception to the clear intention of ARCP 51. The record shows that the court gave the jury instruction on five different occasions. The judge read the portion of the charge regarding the use of the siren twice during his original charge to the jury. After retiring, the jury returned to the courtroom and reheard that portion of the charge three more times. The plaintiff raised an objection to the charge only on the last three occasions. The court overruled the objections, reasoning that the plaintiff had an opportunity to object during the charge conference and during the initial readings of the jury charge. Since the plaintiff failed to make a timely objection, there is nothing for this Court to review. Miller v. State,405 So.2d 41, 49 (Ala.Cr.App. 1981); ARCP 51. See Oden v. Linsey,365 So.2d 664 (Ala. 1978).
III. Plaintiff's Expert Witness
The plaintiff argues that the trial court's refusal to allow Dr. George Kirkham to testify as an expert was a palpable abuse of his discretion. We disagree.
The record indicates that Dr. Kirkham was a criminologist and associate professor at Florida State University. He was also engaged in continuous research as a police officer with the City of Tallahassee, Florida.
The trial court read Dr. Kirkham's deposition, reviewed portions of a book the witness co-authored, watched a training film the witness developed and heard an extensive voir dire examination of the witness. *Page 33 
The trial judge specifically asked Dr. Kirkham if he had read the pertinent Alabama statutes and provision in the City Code of Montgomery addressing the proper procedure for vehicles to follow on emergency runs. Dr. Kirkham answered no. The record further evidences that the trial court could have concluded that Dr. Kirkham was not familiar with the accident scene or other important factual conditions surrounding the event.
This Court has ruled that "[t]he competency of a witness to testify as an expert is addressed to the sound discretion of the trial court, whose decision on the evidence will not be disturbed on appeal except for palpable abuse." Russell v.Relax-A-Cizor Sales, Inc., 274 Ala. 244, 250, 147 So.2d 279,284 (1962); see Meadows v. Coca-Cola Bottling, Inc.,392 So.2d 825 (Ala. 1981). Our review of the record indicates that the trial court carefully weighed Dr. Kirkham's qualifications and testimony. In light of the evidence, we cannot hold that the court's decision to refuse to accept Kirkham as an expert was a "palpable abuse" of his discretion.
IV. Accident Reports
After the accident occurred, investigating officers of the Montgomery City Police Department prepared two reports. During the discovery stage of the trial, the plaintiff moved to have the defendant produce the second, supplemental, report pursuant to ARCP 26. The defendant objected on the ground that the report had been compiled in anticipation of litigation. The trial court inspected the report during two in camera
examinations. The court made available to the plaintiff factual information found in the report, but refused to allow the plaintiff access to certain conclusions, opinions and observations that the investigating officers placed in the supplemental report.
The trial court has "considerable discretion" over the discovery stage of the trial. Williams v. First National Bankof Mobile, 384 So.2d 89, 95 (Ala. 1980); Stinson v. LibertyMutual Insurance Co., 395 So.2d 1032, 1034 (Ala.Civ.App. 1981). We hold that there is no showing that the trial court abused its discretion. The plaintiff places great importance on portions of the investigating officer's depositions. Hancock asserts that in the investigation of serious accidents supplemental reports are routinely prepared, regardless of possible litigation. The plaintiff argues, therefore, that the report was not prepared in anticipation of litigation.
The trial court inspected the supplemental report twice. The judge allowed the plaintiff to see portions of the supplemental report he deemed allowable for view. The trial court's careful examination is the major factor for this Court to consider on appeal. The two in camera inspections evidence the court's exercise of sound discretion regarding the plaintiff's request to produce the entire supplemental report. The plaintiff fails to prove "palpable abuse" of that discretion.
For the reasons discussed, the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.