BRADLEY, Judge.
The appeal is from the denial of a rule 60(b), Alabama Rules of Civil Procedure, motion.
*821 On February 11, 1983 D.W. Lang executed a promissory note to the City Bank of Childersburg, a banking corporation, in the amount of $7,500. This note was due and payable on August 10, 1983. On November 16, 1983 City Bank filed a complaint against Lang alleging that the note was in default and seeking the sum of $7,500 plus interest and a reasonable attorney’s fee.
On December 21, 1983 Lang asked that the complaint be dismissed. Then on January 11, 1984 plaintiff filed a motion for summary judgment. The trial court scheduled a hearing on the summary judgment motion for February 20, 1984. On the day of the hearing, defendant filed an objection to the summary judgment motion and attached an affidavit.
On February 20, 1984 the trial court overruled the defendant’s motion to dismiss and his objection to summary judgment. The parties thereupon entered into an agreement, which was accepted by the court, providing that defendant would pay one-half of the amount of the note on or before March 20, 1984, accrued interest to that date, plus an attorney’s fee of $200. In addition, the defendant was to execute a new note for the balance of the $7,500. Upon compliance with these conditions the action was to be dismissed.
However, the order further provided that in the event the conditions were not performed as agreed judgment would be entered in favor of plaintiff for the principal amount of the note sued on, plus interest and a reasonable attorney’s fee, to be fixed by the court without further notice to the parties.
The conditions of the consent judgment were not met and the court entered judgment in favor of plaintiff for the full amount of the note, accrued interest, and an attorney’s fee of $1,630. On April 17, 1984 defendant filed a motion for relief from judgment. Rule 60(b), A.R.Civ.P. After a hearing on April 23, 1984, the court denied the motion. Defendant appeals to this court.
Defendant’s initial argument is that the trial court abused its discretion in overruling the rule 60(b) motion.
The grant or denial of a 60(b) motion is within the discretion of the trial court and will be overturned only for abuse of discretion. Waldron v. Fikes, 378 So.2d 1138 (Ala.Civ.App.1979).
The trial court conducted a hearing on the 60(b) motion but there is no transcript of testimony taken at the hearing in the record.
The record reveals a consent judgment wherein the defendant agreed to pay one-half of the $7,500 note, along with accrued interest and an attorney’s fee, by March 20, 1984. Should he not comply with these conditions, the court was authorized to enter judgment in favor of plaintiff for the full amount of the note plus interest and a reasonable attorney’s fee without further notice to the parties.
The defendant did not pay one-half of the principal amount of the note by March 20, 1984 as he had agreed to do, and the trial court, in accordance with the agreement of the parties, entered judgment for the plaintiff without further notice.
The record does show that defendant mailed a check for the amount agreed upon to plaintiff’s attorney on March 22, 1984 and that plaintiff’s attorney received the check on March 30, 1984. It further appears that plaintiff’s attorney’s office was called on March 22, 1984 and advised that the check was being mailed that day. Judgment for plaintiff was entered by the trial court on March 28, 1984. However, there is no evidence in the record explaining why defendant failed to comply with the terms of the consent judgment which required payment of one-half of the face amount of the note by March 20, 1984 and the execution of a new note for the remainder.
As noted above, there is no transcript of the 60(b) hearing in the record, and there is no other evidence in the record before us to support the contention that the trial court *822 abused its discretion in overruling the 60(b) motion.
Lastly, defendant says that the trial court erred by awarding an excessive attorney’s fee to plaintiff.
Again, defendant agreed that the trial court could impose a reasonable attorney’s fee on him should the court enter a judgment in favor of plaintiff for the face amount of the note. Because of defendant’s failure to comply with the conditions of the agreement, the trial court entered judgment for plaintiff and assessed defendant with a reasonable attorney’s fee. There is no evidence in the record relative to the reasonableness of the amount of the attorney’s fee fixed by the court.
Considering the amount involved, the pleadings filed, and the hearings held, we cannot say that the amount of the attorney’s fee assessed against defendant is excessive.
The trial court’s judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.