Following an ore tenus hearing, the Circuit Court of Winston County denied Polly Baker's motion for a declaratory judgment.
Mrs. Baker filed a complaint on April 27, 1984, against Neotha Townsend, Chris Baker, Randy Holt, Ricky Holt and Dolly Ann Sulsby (defendants). Mrs. Baker asked the court to find that a common-law marriage existed between Polly Baker and Odie Baker at the time of his death. She further requested that the court find that Polly was the widow of Odie Baker. The court denied her request. After the entry of the final order, Mrs. Baker moved for a new trial on the basis of newly-discovered evidence. That motion was denied. She then appealed, raising two issues: (1) whether the trial court erred in finding that a common-law marriage did not exist between Polly Baker and Odie Baker and, (2) whether the trial court erred when it denied the motion for a new trial.
A summary of the conflicting evidence follows:
The evidence presented by Polly Baker reveals that she began living with Odie Baker in April 1959 and that they remained together in Indiana until Odie's death in 1984. Her evidence was that they lived in Alabama from February 1962 until July 1962. While in Alabama, Polly and Odie lived with her parents and represented to them that they were husband and wife. During their stay in Alabama, they occupied the same bedroom, had sexual relations, and filed "married-filing separately" tax returns. Polly began using the name Baker in early 1962. Her brothers and sister testified that Polly and Odie lived together as husband and wife, that Odie introduced their sister as his wife, and that they never separated after they began living together in 1959.
The defendant's evidence showed, however, that Polly and Odie did not live in Alabama from February until July of 1962 and that Odie had not lived as long as six months in Alabama after moving to Indiana in 1959. Four of Odie's relatives and friends testified that Odie had never lived with Polly Baker's parents in Alabama, that they had never heard Odie call Polly his wife, and that they had never heard him introduce her to anyone as his wife. Finally, their evidence revealed that Polly did not attend Odie's funeral in Alabama.
Courts of this state closely scrutinize claims of common-law marriage and require clear and convincing proof thereof. Waltonv. Walton, 409 So.2d 858 (Ala.Civ.App. 1982). To establish a valid common-law marriage in Alabama, there must be a present agreement or mutual understanding to enter into the marriage relationship, capacity to enter into a marriage, and cohabitation as man and wife with public recognition of the relationship. Luther v. M and M Chemical Co., 475 So.2d 191
(Ala.Civ.App. 1985).
It is clear from a review of the evidence that there is a dispute as to whether the parties had an agreement to be husband and wife and whether there was public recognition of the relationship in Alabama. Where there is conflicting evidence, it is the duty of the trial court to resolve the conflict and decide the case on the evidence presented to it.Underwood v. Underwood, 460 So.2d 1306 (Ala.Civ.App. 1984). When the trial court hears the evidence ore tenus, its decision will not be disturbed on appeal, if it is supported by credible evidence and is not plainly and palpably wrong. Etheridge v.Yeager, 465 So.2d 378 (Ala. 1985).
There is credible evidence which supports the trial court's finding that no common-law marriage existed or was created in Alabama. That judgment is not *Page 1099 
plainly and palpably wrong. Therefore, the judgment will not be disturbed on appeal.
Granting or denying a motion for a new trial on the ground of newly-discovered evidence rests largely within the discretion of the trial court. Forest Investment Corp. v. CommercialCredit Corp., 271 Ala. 8, 122 So.2d 131 (1960). The order of the trial court will not be disturbed on appeal, unless it clearly abused its discretion. Blevins v. Pruitt, 56 Ala. App. 76, 319 So.2d 275 (1975).
The newly-discovered evidence presented by Polly Baker did not refute the decision of the trial court, could have been discovered by due diligence prior to trial, and was cumulative.See Forest Investment Corp., supra. We find no abuse of discretion by the trial court in denying the motion for a new trial.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.