PER CURIAM.
This is a boundary line dispute between two sets of coterminous landowners. Two issues are presented: 1) Whether the trial court’s decree, based on evidence presented ore tenus, is supported by competent evidence; and 2) whether the trial court erred in denying Defendants’ post-judgment motion for a new trial on the ground of newly discovered evidence.
Where, as here, virtually every material factual aspect of this landline dispute was in sharp, direct conflict, the presumption-of-correctness standard of review is peculiarly applicable. Graham v. McKinney, 445 So.2d 892 (Ala.1984). The trial court’s resolution of the disputed boundary was dependent upon an interpretation of conflicting evidence; thus, we are constrained to affirm.
*925 As to the second issue, we also find conflicting inferences from the proffered evidence with respect to whether the “newly discovered” evidence could reasonably have been known to Defendants at the time of the second evidentiary hearing in this cause. We find no abuse of the trial court’s discretion in denying Defendants’ new trial motion. Forest Investment Corp. v. Commercial Credit Corp., 271 Ala. 8, 122 So.2d 131 (1960).
AFFIRMED.
TORBERT, C.J., and JONES, SHORES, ADAMS and STEAGALL, JJ., concur.