ADAMS, Justice.
Defendant, Burt Boiler Works, Inc., appeals from a judgment in favor of the plaintiff, A.G. Snowden, doing business as S & S Steel Erectors. The plaintiff received damages for breach of contract, indebtedness on open accounts, and amounts due and owing for products and services furnished by plaintiff to the defendant. We affirm.
The facts of this case are as follows:
The plaintiff, A.G. Snowden is an iron worker and has been involved in the steel-working business since 1954. In 1979, he went into business for himself. In July 1982, the plaintiff and the defendant made a verbal contract in which Snowden agreed to be a subcontractor for Burt Boiler Works. Snowden contended that he agreed to erect steel provided by Burt Boiler Works for $100.00 a ton; that Burt Boiler Works was to supply the crane; and that Snowden was to provide the workman’s compensation insurance. Burt Boiler Works, however, contended that Snow-den was to furnish all the supplies, the labor, the crane, and the insurance. Snow-den did a total of seven jobs for Burt Boiler Works. In his suit, he claimed that Burt Boiler Works failed to pay the complete amount owed on four of the jobs performed by him. One of the sources of conflict was the costs incurred by Snowden above and beyond the contracted price. Snowden contended that any time a change was made in the contract or any time he needed to perform extra work, he first received authorization from Burt Boiler Works and charged $15.00 an hour. Burt Boiler Works claims that it had no knowledge of any extra charges until Snowden filed his suit. Burt Boiler Works counterclaimed for damages for breach of contract, indebtedness on open accounts, and amounts due and owing for products and services rendered to Snowden by Burt Boiler Works. Of the *175 seven jobs performed by Snowden, Burt Boiler Works claimed that Snowden owed Burt Boiler Works compensation in five of the jobs. The jury found for Snowden in the sum of $18,500.00 on his claim and also found for Snowden on the counterclaim; hence this appeal.
I.
Burt Boiler Works first argues that the trial court committed reversible error when it overruled its motion for a directed verdict and its motion for judgment notwithstanding the verdict. The standard of review for directed verdict and judgment notwithstanding the verdict are the same. Stauffer Chemical Co. v. Buckalew, 456 So.2d 778 (Ala.1984); Casey v. Jones, 410 So.2d 5 (Ala.1981). If a scintilla of evidence exists favorable to the nonmovant, both motions will be denied. Stauffer Chemical Co., supra; Crigler v. Salac, 438 So.2d 1375 (Ala.1983); Marion v. Hall, 429 So.2d 937 (Ala.1983).
A directed verdict can be correctly granted “where there is a complete absence of proof on a material issue or where there are no controverted questions of fact on which reasonable people could differ.” Deaton, Inc. v. Burroughs, 456 So.2d 771, 775 (Ala.1984). Applying the scintilla rule, a court is to deny such motions if there exists a “gleam, glimmer, or spark of conflict in the evidence.” Walker v. Humana Medical Corp., 415 So.2d 1107, 1109 (Ala.Civ.App.1982).
In presenting his case, Snowden testified that he had several verbal contracts with the defendant. The defendant did not contest the existence of a contract, but contested some of the terms. The plaintiff presented invoices of the extra charges due him from the defendant. The defendant presented evidence in conflict with this claim. Snowden presented more than a scintilla of evidence on the issue of the contracts and their subsequent breach. Therefore, the trial judge properly allowed this conflicting testimony to go to the jury for its resolution.
Burt Boiler Works argues that an open account did not exist between it and Snowden. It premises its assertion on the grounds that two of the contracts were set at a fixed price and that Snowden overran on almost every job performed for it. Snowden argues that the contracts were modified by agreement because mistakes were made by the defendant in the fabrication of the steel, because of late delivery of the steel, and because of insufficient amounts of steel. In each of the four jobs for which Snowden claims Burt Boiler Works failed to pay, the plaintiff presented testimony through himself and other witnesses of the claims against the defendant. Applying the scintilla rule, the trial court correctly denied appellant’s motions for directed verdict and for judgment notwithstanding the verdict.
II.
The defendant next argues that the trial court erred when it denied its motion for a new trial. The denial of a motion for a new trial rests in the discretion of the trial court and its decision will not be overturned unless the record clearly shows that its ruling was in error. Smith v. Blankenship, 440 So.2d 1063 (Ala.1983). “[A] new trial should be granted only in extreme cases, when to let the verdict stand would sanction a palpably wrong and manifestly unjust result. Cooper v. Peturis, 384 So.2d 1087 (Ala.1980).” Wright v. Fountain, 454 So.2d 520, 524 (Ala.1984). See, also, Jawad v. Granade, 497 So.2d 471 (Ala.1986).
Burt Boiler Works makes two arguments in support of its claim that the trial court should have granted its motion. First, it claims that the trial court should have granted a new trial because the jury did not receive deposition testimony from two construction superintendents. The defendant’s counsel acknowledged that the depositions were not presented into evidence due to his lapse of memory, but says that in the interest of justice and equity they now should go before a jury. The sole purpose of the depositions was to show that the plaintiff’s performance was sub *176 standard. The defendant tried to admit these depositions as rebuttal testimony. However, the witness whose testimony was to be rebutted testified that he was not aware of any contract between Snowden and Burt Boiler Works; therefore, the deposition could not have rebutted the witness’s testimony. In essence, the defendant wished to use this testimony in order to support its assertion that any extra costs and delay were caused by the plaintiff’s performance, not the defendant’s action. Testimony along this line had already been introduced by the defendant. Testimony that is merely cumulative cannot be used as grounds for a new trial. Shepherd v. Southern Ry., 288 Ala. 50, 256 So.2d 883 (Ala.1970).
The defendant’s second argument in support of its motion for a new trial centers around the workman’s compensation insurance paid for by the plaintiff. The defendant asserts that it now has newly discovered evidence showing that Snowden maintained workman’s compensation insurance only for the jobs completed within the State of Alabama and that the insurance terminated on June 1, 1983. However, Snowden provided Burt Boiler Works a copy of the entire insurance policy indicating payments and receipts, several months prior to trial. The coverage and expiration were set forth within the policy itself. Furthermore, the policy and receipts were admitted into evidence for the jury’s examination. The trial court should grant a new trial on the grounds of newly discovered evidence only when the evidence could not have been discovered with reasonable diligence prior to the commencement of the trial. § 12-13-ll(a)(7), Code of Alabama (1975); Hancock v. City of Montgomery, 428 So.2d 29 (Ala.1983). Although the affidavit on which the defendant bases its claim of newly discovered evidence was obtained after the trial with due diligence, the defendant could have found the same information from the insurance policy itself prior to trial. Therefore, the trial court correctly overruled defendant’s motion. For the reasons set forth, the judgment of the trial court is due to be affirmed.
AFFIRMED.
JONES, SHORES and STEAGALL, JJ., concur.
HOUSTON, J., concurs in the result.