ON APPLICATION FOR REHEARING
INGRAM, Presiding Judge.
On rehearing, the opinion of this court of September 12, 1990, is withdrawn, and the following is substituted therefor.
In this appeal of a medical malpractice action, the appellant initially contends that the trial court erred in charging the jury that Dr. Rogers could not be held liable for an “honest mistake” or for an “error of judgment”.
This issue was recently addressed by the Alabama supreme court in Shumaker v. Johnson, 571 So.2d 991 (Ala.1990). The holdings and decisions of this court are governed by the decisions of the supreme court. On the authority of Shumaker, this case, as it pertains to Dr. Rogers, is reversed and remanded for proceedings consistent with that opinion.
Appellant next challenges the propriety of the trial court’s charge concerning the non-apportionability of damages among joint tort-feasors. We find a discussion of this issue to be unnecessary because we find that it is not preserved for our review.
Rule 51, Alabama Rules of Civil Procedure, provides that “[n]o party may assign as error the giving or failing to give a written instruction ... unless he objects thereto before the jury retires to consider its verdict.”
*998 In our review of the record, we find that the appellant failed to object to the trial court’s charge prior to the jury’s retirement. Because of this failure there is nothing for this court to review. Joseph v. Staggs, 519 So.2d 952 (Ala.1988); Hancock v. City of Montgomery, 428 So.2d 29 (Ala.1983).
This case is affirmed as it pertains to Decatur General Hospital, and it is reversed and remanded as it pertains to Dr. Rogers.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING GRANTED; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON and RUSSELL, JJ., concur.