KENNEDY, Justice.
The plaintiff, Michael Lane Rose, appeals from a summary judgment in favor of the defendant, Dr. Earl M. Rogers, M.D.
Originally, this wrongful death case was tried before a jury on a claim of medical malpractice against Dr. Rogers and Decatur General Hospital. The jury awarded Rose $500.00 against Decatur General, but found in favor of Dr. Rogers. Rose sought a new trial, but it was denied by the trial court. Rose appealed to the Court of Civil Appeals. In that appeal, Rose v. Decatur General Hosp., 571 So.2d 997 (Ala.Civ.App.1990), the court held that the trial court had erred as to a jury instruction, and ordered a new trial as to Dr. Rogers, but affirmed the $500.00 verdict as to Decatur General.
On remand, Dr. Rogers moved for a summary judgment, arguing that there can be no apportionment among joint tort-feasors and pointing out that there had been a $500.00 judgment in this case based on the incident in issue, and that that judgment had been affirmed by the Court of Civil Appeals. The trial court agreed with Dr. Rogers that Rose, therefore, could obtain no additional judgment. On his motion, it entered a judgment for Dr. Rogers.
In Black Belt Wood Co. v. Sessions, 514 So.2d 1249 (Ala.1986), this Court reaffirmed a long-standing interpretation of the wrongful death statute, Ala.Code 1975, § 6-5-410, as providing for no apportionment of damages among joint tort-feasors for an indivisible injury. Rose concedes that this rule of law applies here, but he ably argues for a change in the law.
In Black Belt, we emphasized that although this Court has the authority to abrogate its interpretation of the wrongful death statute, it has stated that “as a matter of public policy” any such change should come from the legislature. 514 So.2d at 1263. In the interest of brevity, we do not restate all of the considerations that went into that decision, but we reaffirm our interpretation of the wrongful death statute. In both Black Belt and the more recent case of Tatum v. Schering Corp., 523 So.2d 1042 (Ala.1988), we discussed at some length the issue of the *435 wrongful death statute and apportionment among joint tort-feasors. We direct readers to those cases for a full discussion of the historical underpinnings of the wrongful death statute, and the Court’s position as to a change in its interpretation.
Given the foregoing, we agree with the trial court that there could be no apportionment of damages in this case, and we affirm its judgment in favor of Dr. Rogers.[1]
AFFIRMED.
MADDOX, ALMON, SHORES and INGRAM, JJ., concur.
HOUSTON, J., concurs specially.

. We emphasize that this holding relates solely to whether a plaintiff who has sued alleged tort-feasors in a single action, averring that the wrongful actions of the defendants "combined and concurred” to proximately cause a wrongful death, can seek apportionment of damages among the alleged tort-feasors.