MOORE, Judge,
dissenting.
I respectfully dissent.
When a fact must be proven at trial by clear and convincing evidence,
“the appellate court must ... look through a prism to determine whether there was substantial evidence before the trial court to support a factual finding, based upon the trial court’s weighing of the evidence, that would 'produce in the mind [of the trial court] a firm conviction as to each element of the claim and a high probability as to the correctness of the conclusion.’ § 25-5-81(c)[, Ala.Code 1975].”
Ex parte McInish, 47 So.3d 767, 778 (Ala.2008). In so doing, the appellate court cannot usurp the role of the fact-finder and reweigh the evidence. Id. at 778.
In this case, the Mobile Probate Court entered a seven-page judgment citing the elements of a common-law marriage and the clear-and-convincing-evidence standard and explaining in detail its determination that Thomas Jenkins had satisfactorily proven a common-law marriage between himself and Mary Melton. The probate court stated in its judgment that Melissa Melton had proven only that Mary Melton suffered from mentally disabling dementia in January 2007, and not in 2001 as Melissa asserted. The probate court found that, from 2003 to 2007, documents prepared by six different disinterested persons, including Mary herself, indicated that she was married to Jenkins. The probate court discounted Jenkins’s testimony that he had lived with Mary since 1995, but it found the evidence to be undisputed that he was living with her at the time of her death and that he had been living with her for some period before her death. The probate court further found that Jenkins had cared for Mary during the last years of her life; that Jenkins and Mary had paid household expenses from a joint bank account; that Jenkins testified that he and Mary wore wedding bands for several years before Mary’s death; that *111 Jean Love, Mary’s friend, had observed Mary wearing a ring that could be considered a wedding ring; that Mary’s death certificate and obituary, which Melissa did not attempt to correct, listed Jenkins as her spouse; and that Jenkins had paid for Mary’s funeral and burial expenses. Applying the law to the facts, the probate court concluded that Mary and Jenkins had had the capacity to marry from 2002-2003 to the time of Mary’s death; that they had agreed to enter into a marriage relationship between 2002-2003 and 2007; that other persons in the public had recognized their marriage; and that they had cohabited with one another and shared living expenses.
Melissa certainly presented substantial evidence disputing many of Jenkins’s claims, and her cross-examination of Jenkins certainly raised questions as to the credibility of his testimony in some respects; however, it was the duty of the probate court to resolve questions as to the weight of the evidence and the credibility of the witnesses. See Etheridge v. Yeager, 465 So.2d 378, 380 (Ala.1985). Our standard of review does not permit us to reverse the judgment because substantial evidence may support a different conclusion. Yeager, 465 So.2d at 380-81 (“ ‘[I]t is not the province of this court to substitute its judgment for that of the trier of facts unless his findings are palpably wrong.’ ” (quoting Forest Inv. Corp. v. Commercial Credit Corp., 271 Ala. 8, 12, 122 So.2d 131, 134 (1960))). I believe the probate court reasonably could have been clearly convinced from the evidence that Jenkins and Mary had entered into a common-law marriage before Mary’s death; therefore, I find no basis for reversing the judgment.
BRYAN, J., concurs.